GEORGE PRENDERGAST, Plaintiff in Error, v. EBENEZER RICHARDS, Defendant in Error.

May 16, 1876.

1. Where, in a suit on special tax bill erroneously issued, there was judgment for defendant, this is not a bar to a suit upon an amended tax bill afterwards issued by the city engineer for the same work.

2. Where the contract on which the tax bill is issued embraces work outside the sewer district, the city engineer can compute the whole cost of so much of the sewer as was within the district, assess it as a special tax, and issue tax bills against the respective lots in the district.

3. A personal judgment cannot be entered against any one on a special tax bill, but an executor entitled to the possession of real estate is a proper party to a suit on a special tax bill affecting such estate.

ERROR to St. Louis Circuit Court.

*Reversed and remanded.*

*Matthew O'Reilly*, for plaintiff in error, cited : Anderson v. Holland, 40 Mo. 600 ; Freem. on Judg. 276, sec. 259 ; Taylor v. Castle, 42 Cal. 371 ; Taylor v. Larkin, 12 Mo. 103 ; Bell v. Hoagland, 15 Mo. 360.

*Lucien Eaton*, for defendant in error, cited : Wilson v. Boughton, 50 Mo. 17 ; Freem. on Judg. secs. 249, 252, 253, 254, 256, 260, 272, 276 ; 1 Greenl. on Ev. secs. 522, 530, 531, 532 ; Verheim v. Schultz, 57 Mo. 326 ; Union R. R. Co. v. Traube, 59 Mo. 355.

BAKEWELL, J., delivered the opinion of the court.

This suit originated before a justice of the peace, to recover the amount of a special tax bill of $240.73, issued to the plaintiff by the city engineer of St. Louis, for the construction of district sewers in Compton avenue sewer district No. 10, dated February 7, 1874. There was judgment for defendant in the Circuit Court.

At the trial an agreed statement was submitted, as follows. It was offered in evidence by plaintiff, and he rested his case upon it :

" 1. The signatures and genuineness of the special tax bill, ordinance, and contract named therein are admitted,

saving to either party all exceptions to competency and relevancy of the evidence.

"2. It is admitted that plaintiff performed the work named in contract, in pursuance thereof, and had an assessment of the cost thereof made by the city engineer, and special tax bills issued therefor; but, as a portion of the work was outside the sewer district mentioned, the city engineer made a new and later assessment of the cost of the work, only including therein so much of the work as was done within Compton avenue sewer district No. 10; and the special tax bill sued on in this case is the one assessed and issued against the defendant under this last assessment.

"3. The work has been done only once, under contract No. 2,268, in said sewer district. Plaintiff only seeks in this action to recover for so much of the work under the contract as was done and situated under the sewer district aforesaid, and as constitutes defendant's *pro rata* of that part of the work and chargeable to his property, if the facts in evidence in the whole case establish such charge. This stipulation shall not preclude either party from offering any other and further evidence which may be competent or relevant at the trial."

The bill is dated February 7, 1874, is for $240.73, and is based on ordinance 7,550, and contract 2,268.

The defendant offered in evidence the record of cause 24,470, of the Circuit Court, between the same parties, in the same court, upon a similar tax bill, dated November 29, 1871, for $247.24, issued on the first assessment named in the stipulation, which embraced both the cost of the work done within said Compton avenue sewer district No. 10, and also cost of work done outside that district. In this suit there was a general and final judgment for defendant on June 8, 1873.

This evidence was objected to by plaintiff as incompetent and irrelevant, but was admitted, and plaintiff excepted.

The cause was tried before the court, sitting as a jury;

judgment was for defendant, and, a motion for a new trial having been overruled, the cause is brought here by writ of error.

The following declarations of law, asked by plaintiff, were refused by the court, and plaintiff excepted:

"If the court, sitting as a jury, believe from the evidence that the special tax bill sued on in this suit, and offered in evidence by the plaintiff, is not the same as the special tax bill sued on in a certain cause in this court, being case No. 24,470, between the same parties hereto, and offered in evidence by the defendant, the judgment in said last mentioned case constitutes no bar to this action by the plaintiff against the defendant."

2. "If the court, sitting as a jury, believe from the evidence that the defendant is the owner of the property described in the special tax bill sued on in this suit; that said property is within the limits of Compton avenue sewer district No. 10; that the city engineer of the city of St. Louis assessed against said property, as its proportion of the cost of constructing sewers by plaintiff within said sewer district, the sum specified in said special tax bill, and that the same has not been paid, then the jury will find for the plaintiff the sum mentioned in said special tax bill, with interest thereon from its date, at the rate of 15 per cent. per annum, together with 10 per cent. damages, even though the jury may further believe from the evidence that the said city engineer had previously made another assessment against said property for the cost of constructing said sewers outside the limits of said sewer district, upon which said assessment a special tax bill was made out against defendant's said property, and delivered to plaintiff; that the plaintiff sued the defendant on said special tax bill, and that in said suit judgment was rendered in favor of the defendant because of said erroneous assessment."

The court gave the following declaration of law, at the instance of defendant, to which action plaintiff excepted:

"The court declares the law to be that the judgment in favor of the defendant, in case No. 24,470 of this court between the same parties, read in evidence, is conclusive in favor of the defendant in this suit, and entitles the defendant to a verdict in his favor."

It does not appear that the special tax bill sued on was actually read in evidence, nor that it was formally offered; but it was a part of the record before the court, and is so referred to in the stipulations that it was manifestly regarded by counsel on either side as in evidence in the case, and was so considered by the court.

The plea of former recovery is liberally construed, and, as is said by Judge Napton, in *Union Transportation Co.* v. *Traube*, 59 Mo. 355, "If the subject-matter of the two suits is different, and the same question was not in fact litigated, and no evidence offered concerning it, the courts are disposed to allow the merits of the case to be investigated in the second suit. The form of action is immaterial, however, and, if the cause be the same, the judgment is conclusive."

The cause of action in these two cases was not the same. It was not the doing the work that gave the plaintiff a right to recover. The cause of action was the special tax bill. The first bill sued on was void, because issued on an erroneous assessment, embracing the cost of work done outside the limits of the sewer district. This suit is on a second bill, made upon a second, different, and, it is claimed, a correct assessment. In both cases it was necessary to prove the work was done. Of this a valid tax bill is *prima facie* evidence, but it was also necessary to show that a valid tax bill was issued. The question as to whether the work was done or not, does not appear to have been passed upon on the first trial; and there could be no estoppel unless there was a judgment on the merits of the case now at bar. The special tax bill now sued on constitutes at once plaintiff's cause of action and the *prima facie* evidence of all other

facts entitling him to recover. As it did not exist when the former suit was instituted, it was not used as evidence in that cause ; nor was it his cause of action there.

2. It is said that the contract on which the special tax bill sued upon rests embraced work outside sewer district No. 10, and was, therefore, *ultra vires* and void. If the contract embraced work outside the sewer district, it may well be that as to such work the contractor could not recover ; but it by no means follows that a tax bill could not lawfully issue for the work actually done under the contract within the sewer district ; or that the engineer could not, under the law, compute the whole cost of so much of the sewer as was within the district, assess it a special tax, and issue valid tax bills for it against the respective lots of ground in the district. The tax bill originally issued was erroneous in assessing for work outside the district ; but, confessedly, the bill now sued on contains no charge for any work not done in accordance with law within the sewer district defined by ordinance or contract.

From what has been said it is manifest that, in our opinion, this case has been tried upon a wrong theory, and that the declaration of law given at the instance of defendant should have been refused.

The judgment of the Circuit Court is reversed and the cause remanded, to be proceeded with in accordance with this opinion. The other judges concur.

On a motion for a rehearing, BAKEWELL, J., delivered the opinion of the court.

On the hearing of this cause, owing to the pressure of circumstances, defendant's counsel not only submitted the cause without oral argument, but found himself compelled, in his written argument, to confine himself to little more than a brief statement of authorities. He has, since the decision of the cause, filed a motion for a rehearing, and he now submits, in support of his motion, a very carefully pre-

pared statement and argument, which deserve, and have received, attentive consideration.

The city engineer made two assessments of the costs of certain sewer work. The first assessment was bad, because it embraced the cost of work done outside the limits of the sewer district. On the special tax bill first issued suit was commenced, and judgment was for defendant. The city engineer then made a second and correct assessment, and a new special tax bill was issued, the one filed as the cause of action in the present suit. The only defense is *res adjudicata*. It is not pretended that plaintiff was paid. It is not denied that the work was done, was worth the money, that defendant's property received the benefit of it, that the work was done only once, and that plaintiff in this action only seeks to recover for so much of the work under the contract as was done within the sewer district, and as constitutes defendant's *pro rata* of that part of the work chargeable to his property, if the facts in evidence establish such a charge.

The first assessment being erroneous, we think that the engineer had power to make a second and correct assessment. In *Kiley* v. *Cranor*, 51 Mo. 542, the tax bills were erroneously certified before the contractor had completed the work. The court held a substantial compliance with the law sufficient; that the street was macadamized, defendant's property received the benefit, and was chargeable with the amount assessed in the frontage. And in *Kiley* v. *Oppenheimer*, 55 Mo. 376, the court holds that a special tax bill may be certified anew, to correct errors in the certificate.

The object of this suit was to obtain a special judgment against the property benefited. The doing of the work would not entitle the plaintiff to this, nor to a judgment of any description. He must have a special tax bill. If the cause of action is that which it is necessary to state, in point of law, to support the action, then the tax bill is the cause of

action. There is no privity of contract between plaintiff and defendant, and the only reason that a bill of this kind is admissible against the property of any one is the force of the statute which gives it this operation. It is held that no personal judgment can be rendered on such a bill. *Stadler* v. *Roth*, 59 Mo. 402. A mistake in the name of the owner does not vitiate the bill, and the law on the subject must have a fair and liberal construction, so as to give effect to the obvious purpose of the enactment. *City* v. *DeNoue*, 44 Mo. 137. If the work and labor done is the cause of the action, in a remote and improper sense, it is evident that the tax bill itself is the cause of action in a proper sense, as a promissory note is the cause of action in an action on a note. So that the cause of action in the first and second suit were not the same.

The issues in the two suits were not the same. The question as to whether the work was done and was worth the amount charged was an issue, we are told, in the first suit, because the general issue is always supposed to be pleaded before a justice, and nothing is admitted where a defense is made and no pleadings required by law. Now, sometimes several issues of law and fact are presented for the consideration of the court in the same proceeding, and all issues of law and fact necessary to be determined are completely disposed of by final judgment. But the pleadings alone will not determine, always, what is *res adjudicata;* for a matter may be *res adjudicata* not distinctly and specifically put in issue by the pleadings. The real question always is, what was tried and settled in the former suit? *Bigelow* v. *Winsor*, 1 Gray, 299. Two things are essential to *res adjudicata:* First, that the issue in the second action was a material issue in the first action, *necessarily determined by the judgment therein;* second, a former judgment on the merits. Now, that this work was not done, that it was not worth the amount charged, that it was not within the sewer district in which defendant's property lies, that the *pro rata*

was not correct—none of these things were necessarily decided by the former judgment. Not only were they not necessarily decided, but we know, in fact, that they were not decided; and it is conceded in the present case that the work was done. An inspection of the record in the former case and the agreed statement in this case, shows that the old tax bill is incorrect, and that no recovery could have been had on it, according to law. The former judgment was, manifestly, not on the merits.

If the position that, after having once issued an erroneous tax bill for sewer work, the city engineer is *functus officio* as to that be correct, then, clearly, the plaintiff is not entitled to recover in this action, for the facts that he had done the work according to contract with the city and to ordinance, and that it is well done, and worth the amount charged, neither entitle him to a judgment against defendant nor to a special judgment against the property benefited. But if, as we think, the city engineer, having by mistake made an erroneous computation and assessment of the whole cost of the sewer by including some work not in a particular sewer district, may correct this error, and issue, as in this case, amended bills, a judgment for defendant on the first issued and erroneous bill does not conclude the party who did the work, unless it shall appear that the judgment was on the merits, and that the question of the value of the work, or some other question material to a recovery on the amended bill, was then tried and determined.

As to the right of the engineer to amend his assessment, it may be further said that, if the engineer follows the law and makes a correct assessment, there can be no need of more than one; but if he disregards the law, the first so-called assessment may be regarded as a nullity. Virtually, the correct assessment is the only one made, inasmuch as it is the only legal one.

The law itself makes the special tax bill the cause of action, provides that the suit shall be brought on the special

tax bill, and that " each bill shall be a separate and distinct demand." Acts of 1870, p. 193, sec 1.

It is objected that the executrix is not a proper party, and that there can be no personal judgment against her. Under the law, as interpreted by the Supreme Court, there can be no personal judgment against any one in this action ; the proceeding is to charge the real estate described in the bill. The executor, being entitled to the possession and control of realty until otherwise ordered by. the Probate Court, is, however, not an improper party to a suit affecting .it. Acts of 1871, p. 193, sec. 2. The motion for a rehearing is denied. All the judges concur.