G. EYERMANN, Appellant, *v.* E. SCOLLAY ET AL., Respondents.

### February 24, 1885.

1. SPECIAL TAXES — IRREGULAR BILLS. — Under the St. Louis charter of 1870, a special tax bill was not void because not made out in the name of the real owner of the property sought to be charged, or because made out in the name of a deceased person.

2. —— RES JUDICATA. — A judgment in favor of the defendants on a special tax bill which is irregular, but not void, is a bar to a subsequent action by the same plaintiff against the same defendant on an amended tax bill for the same work.

3. —— LIMITATIONS — AMENDMENTS. — In an action on a special tax bill against a man who was dead, his heirs can not, after a right of action against them has become barred, be brought into the action by issuing amended tax bills, and amending the petition so as to make them parties to the action.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed.*

T. J. CORNELIUS, for the appellant: Where in a sut on a special tax bill, erroneously issued, there was judgment for the defendant, this is not a bar to a suit upon an amended tax bill afterwards issued by the city engineer for the same work. — *Pendergast* v. *Richards*, 2 Mo. App. 187 ; *Riley* v. *Cramer*, 51 Mo. 542 ; *Eyermann* v. *Provenchere*, 15 Mo. App. 256.

W. H. CLOPTON, for the respondents : The first bill was a valid one so far as the merits of a controversy between plaintiff and defendants were concerned. A judgment was

entered for defendants and they are protected by it. — *City to use* v. *De Noure*, 44 Mo. 136; *Studler* v. *Roth*, 59 Mo. 402.

THOMPSON, J., delivered the opinion of the court.

This is an action upon three special tax bills issued by the president of the board of public improvements of the city of St. Louis, on December 28th, 1881, in lieu of one other special tax bill surrendered and cancelled, issued on October 29th, 1874, by the then city engineer of the city of St. Louis, under the then existing charter and ordinances, for work and labor done, and materials furnished by the plaintiff prior to that date, as a contractor with the city for the construction of sewers in a certain sewer district therein named. The original tax bill was made out against the land in the name of Leonard Scollay. Action was brought upon it at the October term, 1876, of the circuit court of the then St. Louis County, against Leonard Scollay alone. Thereafter the plaintiff, discovering that Leonard Scollay was dead, filed by leave of court his amended petition on the 1st day of May, 1877, upon the same tax bill, against the persons who are the defendants in the present suit. These defendants answered by their attorneys; an agreed case was drawn up, upon which the cause was submitted to the court, and the court thereupon rendered judgment for the defendants. One of the grounds of defence set up in that action by the defendants in their answer to the amended petition was, that the lien of the special tax bill sued on, had perished by the lapse of time, under a provision of the amended charter of 1870, reading as follows: "Whenever any such special tax bill issued heretofore, or hereafter to be issued, shall be paid, it shall be entered satisfied on the register of the comptroller's office; and any bill that is not entered satisfied within two years after its date, unless proceedings in law shall have commenced to collect the same within that time, and shall be still pend-

ing, the lien shall be destroyed and of no effect against the land charged therewith."

The defendants in their answer in the present suit plead the former judgment in their favor, by way of estoppel. They also plead the same statute of limitations. At the trial, they put in evidence the record of the former suit, including the agreed statement of facts, in which the statute was set out.

The above is a sufficient statement of facts to show that the circuit court rightly rendered judgment for the defendants in this case.

1. The former action, brought by the present plaintiff against the present defendants, was upon substantially the same cause of action as the present action. The judgment of the circuit court in favor of these defendants and against this plaintiff in that action, rendered upon the merits, is, therefore, a complete bar to the present action, unless, as is argued, the two causes of action are not identical. The ground of this contention is that, by procuring from the president of the board of public improvements under the present charter the tax bills sued on in lieu of the one on which the original suit was brought, the plaintiff acquired a new cause of action. To sustain this position, the plaintiff appeals to our decisions in *Eyermann* v. *Blakesley* (13 Mo. App. 407), *Eyermann* v. *Provenchere* (15 Mo. App. 256), and *Prendergast* v. *Richards* (2 Mo. App. 187).

In those cases, this court held that, where work has been done under a valid contract with the city, and the proper ministerial officer of the city has made |out a tax bill which, by reason of non-compliance with the charter or ordinances, is illegal and void, it is competent for him thereafter to correct his error by making out and issuing to the contractor a valid tax bill; that a recovery may be had upon such valid tax bill, and that a judgment for the defendant in a suit upon the void tax bill is not a bar to an action by

the contractor upon the valid tax bill. In *Eyermann v. Blakesley* (*supra*), we also held that it was competent for the president of the board of public improvements, under the present charter, being the official successor of the city engineer under the former charter, to issue to the contractor a valid tax bill in lieu of a void tax bill issued by the city engineer. But those rulings do not help the plaintiff in the present case, because it does not appear that the tax bill issued to him by the city engineer on the 29th of October, 1874, was void. On the other hand, it appears to have been, so far as is shown, a good tax bill. The only infirmity which it possessed consisted of the fact that it was made out against the land, naming the owner as Leonard Scollay, who, it was admitted by the agreed statement of facts in the former suit, died in 1859. But it was held by the supreme court in *St. Louis* v. *De Ncue* (44 Mo. 136), under the provision in the charter of 1867, which, in this regard, was substantially the same as that in the charter of 1870, that the provision requiring the city engineer to make out the special tax bill in the name of the owner of the lot of ground, was directory merely ; and that a bill was a good bill, although the city engineer had committed an error in describing such owner. The insertion of the name of a wrong owner in the bill was regarded as a matter not essential, since no lien could be established against the land such as would bind the interests of the real owners, except by an ordinary judicial proceeding to which the real owners were parties. The former tax bill, not being therefore void, the president of the board of public improvements could not, by issuing to the plaintiff these new tax bills, give to him a right of action in respect of the work done and materials furnished as described in the old bill, which the circuit court had held he did not possess ; nor could he revive in the plaintiff's favor a lien against the defendants' land which the circuit court had held not to exist. There is nothing in the case of *Kiley* v. *Cranor* (51 Mo. 541),

which works against this conclusion; because there, although the amendment was merely formal, yet the amended bill was issued before any suit had been brought to enforce the lien.

2. It appears from the agreed statement of facts upon which the judgment in the circuit court in the former action was rendered, that the lien of the tax bill there sued on had expired by the two years' limitation prescribed by the charter of 1870. The action was originally brought against a man who had long been dead. It was brought in time to have saved the bar of the statute as to him, had he been living. But more than two years had elapsed since the issuing of the tax bill at the time of the filing of the amended petition by which the parties were brought in who are the defendants in this action. As to these parties, the filing of the amended petition was the commencement of the action. The action was therefore barred. This being so, it would be a wild dream to hold that the president of the board of public improvements could revive it by the ministerial act of issuing a new tax bill.

The judgment is affirmed. All the judges concur — Judge Rombauer on the first point only.