Spurlock v. The Mo. Pac. Ry. Co.

SPURLOCK, *Plaintiff in Error*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.·

DIVISION ONE,

**Practice** : AMENDED PETITION : DEPARTURE : WAIVER. Where a defendant files an answer to an amended petition changing the cause of action from the original one, and goes to trial on the merits, he cannot, after a new trial has been awarded, object to another amended petition on the ground of its being a departure from the original one.

*Appeal from Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*James P. Ross* for plaintiff in error.

(1) The circuit court erred in dismissing the plaintiff's suit. This court expressly held that the objection, that this cause of action had been changed, came too late after trial. Objections must be made at the time. 93 Mo. 530. The amendments in the fourth petition were suggested by this court, and the case reversed on first count and remanded for a new trial. (2) The circuit judge reversed the rulings of this court, or at least refused to obey its mandates. That is cause for reversal by this court. This court will remember that no demurrer or motion to strike out was ever maintained by the lower courts. The defendant pleaded a general denial, and went to trial on the third amended petition, and that estops it. (3) It is not a good objection to an amended petition that the former petition did not state a cause of action. *Robertson v. Railroad*, 21 Mo. App. 633; *Elfrank v. Seiler*, 54 Mo. 134. When the pleadings are amended the functions of the former

pleadings are at an end. *Corley v. McKeag*, 9 Mo. App. 38. (4) Amendments which do not prejudice the adverse party are always admissible. *Utley v. Tolfree*, 77 Mo. 307 ; *Carr v. Moss*, 87 Mo. 447. In this suit the cause of action was always the same. The same evidence is required in all the petitions, also of the defense. the amendment of a petition before trial which changes the cause of action from one *ex contractu*, to one *ex delicto*, is not objectionable if it relates to same subject-matter or transaction." *Robertson v. Railroad*, 21 Mo. App. 633. The points in this case were all decided in favor of the plaintiff when the case was before it in 1886. 93 Mo. 530.

*W. S. Shirk* for defendant in error.

(1) The causes of action alleged in the original petition, were : In the first count to recover for an excess of freight charged on seven carloads of ties, and was framed under Revised Statutes, 1879, sections 834 and 835. In the second count to recover a penalty of $1,000 and attorneys' fees, for charging plaintiff a greater toll for shipping his ties to Kansas City, than it charged for shipping like freight over equal or greater distances of other portions of its road, and was framed under Revised Statutes, 1879, sections 820 and 822. Both these counts were for purely statutory causes of action. (2) The cause of action stated in the fourth amended petition is purely an action on the case for damages accruing to plaintiff by reason of the wrongful failure and refusal of the defendant to perform its common-law duties as a common carrier. Hence it was an entire abandonment of either cause of action stated in the original petition, and the substitution of a new and entirely different cause of action. Such amendments are not allowed, if timely objection is made, and the court did not err in striking out said fourth amended petition, on motion before trial, and filed immediately after the petition itself was filed. *Fields v. Maloney*, 78 Mo. 172,

particularly on 174, and authorities ; *Parker v. Rhodes*, 79 Mo. 88 ; *Scovill v. Glasner*, 79 Mo. 450 ; *Sims v. Field*, 24 Mo. App. 557. (3) And the fact that defendant chose to go to trial upon the third amended petition, when it might have had it stricken out by timely motion, certainly cannot be held to be a waiver of its right to object to any petition which might be subsequently filed. If so, then plaintiff might by such petition change its cause of action to slander or replevin, and defendant would be compelled to go to trial upon it. Bliss on Code Pleading, sec. 429, and authorities cited.

SHERWOOD, P. J.—This cause has been before this court heretofore, and is reported in 93 Mo. 530. The cause of action as originally stated, it seems, was changed in the third amended petition, the sufficiency of which was passed upon by this court. On the return of this cause to the lower court, plaintiff filed a fourth amended petition, which on motion of the defendant was stricken out, on the ground that it contained an entirely different cause of action from that stated in the *original* petition.

This ruling of the trial court was obviously incorrect, because the defendant had pleaded the general issue to the third, amended petition, which contained allegations similar to those contained in the fourth amended petition. Having gone to trial on the amended petition it was quite too late for the defendant to raise the question that the fourth amended petition had changed the cause of action from what it was in the *original* petition. The case of *Fields v. Maloney*, 78 Mo. 172, has been cited by defendant's counsel to sustain the action of the trial court. That case decides that, if a change of venue be taken in a partition cause to the circuit court of another county, and then the cause of action without objection be changed to one in eject-ment, and a trial be had on such changed cause of action, the circuit court to which the change of venue

is taken will acquire no jurisdiction, though no exception be taken in the trial court.

But that case is not law, and is contrary to everything written in the books, announcing, as it does, that though the court has jurisdiction of the "*subject-matter of the action*," and though the parties *submit themselves to that jurisdiction*, yet that the whole proceedings are *coram non judice*. Besides, the dissenting opinion therein was expressly approved by this court in *Stearns v. Railroad*, 94 Mo., *loc. cit.* 322, and we again overrule that decision.

Judgment reversed and cause remanded. All concur.