WARREN V. GALBREATH, Respondent, v. JOHN NEWTON, Appellant.

Kansas City Court of Appeals, May 11, 1891.

1. **Special Tax Bill**: AMENDMENT : CAUSE OF ACTION. Certain special tax bills heretofore adjudged informal and needing amendment were not thereby declared void, and when amended as suggested did not constitute new and distinct causes of action.

2. ————: WHO MAY AMEND : RESIDENCE OF EX-OFFICER : PAY : CITY SEAL. An informal special tax bill must be amended by the person who originally issued it, notwithstanding he may be out of office, and the city charter has in the meantime abolished the office and devolved the duty of issuing such bills on another officer. And the fact that the ex-officer has become a non-resident and was paid for the amendment by the owner of the bill makes no difference. Nor does the absence of the city seal from such amended bill ( even if the charter required the seal on tax bills ) vitiate it.

3. ————: PARTIES : PRACTICE : PARTY IN INTEREST. An objection that suit on a special tax bill should have been brought in the name of the city to the use of the plaintiff relates to the face of the petition, and should be raised by demurrer, and if not so done is waived. But it is *held*, that such action is properly brought in the name of the assignee as the real party in interest.

4. ————: CONTRACTS FOR DIFFERENT PORTIONS : COMPLETION OF ONE. The rule that assessments against adjoining property-owners for street improvement cannot be made, nor special tax bills therefor be enforced, till the contract for the improvement is fully completed, does not apply where the contract is for one kind of work, as curbing, guttering, etc., on one section of the street, and for another kind of work, as macadamizing, on another portion. As soon as the work on either section is completed, the assessments may be made and the tax bills enforced without reference to the condition of the work on the other section.

5. ————: PERFORMANCE OF CONTRACT : EVIDENCE : INSTRUCTION. The evidence in this case seems to show a substantial compliance with the contractor's obligation in finishing macadam with flint gravel, and, as the question was fairly submitted to the jury, an appellate court will not revise it.

6. ——— : NOTICE OF LETTING WORK. Where neither city charter nor any ordinance prescribes the notice to be given of the letting of street improvement, yet the ordinance authorizing the improvement requires sealed proposal to be received, and the contract let to the lowest bidder, some notice is implied ; and notice published in a daily paper, commencing the tenth day before the bids were opened and continued regularly and daily to the day fixed, save only the last day when the notice did not appear, is sufficient.

7. ——— : INFORMAL : INTEREST. It was defendant's duty to pay the original tax bills, informal as they were, immediately after their issue, and a default thereof for six months rendered his property chargeable with an additional sum equal to fifteen per cent. per annum from the notice thereof.

8. Appellate Practice : TRIAL AS DIRECTED. Where a cause has been tried in strict conformity with a former opinion of the appellate court, and the instructions fairly and intelligently presented the issues to the jury, the appellate court has no further concern therewith.

*Appeal from the Pettis Circuit Court.*—Hon. RICHARD FIELD, Judge.

AFFIRMED.

*John Montgomery, Jr.,* and *E. J. Smith,* for appellant.

( 1 ) The court ought to have struck out the amended petition. Charter, secs. 15, 23, 24, 29, 31 ; Session Laws, 1873, p. 364 ; Session Laws, 1875, p. 294, secs. 4, 7 ; R. S. 1889, sec. 978, p. 304, and p. 424, sec. 1465 ; *Eyerman v. Blakesley,* 13 Mo. App. 407; *Eyerman v. Scollay,* 16 Mo. App. 498 ; *Weber v. Schergens,* 28 Mo. App. 587 ; 1 Dillon Mun. Corp. [ 2 Ed. ] sec. 332, p. 345 with note ; *Pendergast v. Richards,* 2 Mo. App. 187. ( 2 ) It was error to strike out part of the answer, as was done. Cases cited above, and *Gilbreath v. Gallivan,* 78 Mo. 452. ( 3 ) The tax bills should have been excluded for reasons embraced in the foregoing, and for the reason they should have the seal of the city on them. Charter, Laws, p. 364, sec. 1 ; R. S. 1889, sec. 1465. There is a city seal. It is on the old tax bills. ( 4 ) Plaintiff as assignee of the tax bills cannot maintain action; under

the circumstances herein, in his own name.   *St. Louis to use v. Rudolph*, 36 Mo. 465 ; *Kansas City to use v. Rice*, 89 Mo. 685 ; R. S. 1889, sec. 1499.   (5) It was error to exclude the evidence offered to show the work under the contract was only half done when the original tax bills were issued, and that it was wholly abandoned and never completed.   *St. Louis to use v. Clemens*, 49 Mo. 552 ; *Keily v. Cranor*, 51 Mo. 541.   (6) It was error to give plaintiff's sixth instruction.   The specifications called for "Flat Creek gravel, as free from dirt as can be procured."   This is not complied with by use of gravel from Coon creek, Breakfast branch and Higgins branch, "as good as could reasonably be procured in sufficient quantity."   (7) It was error to refuse defendant's seventh instruction.   A notice in a morning daily paper where the bids are to be received till noon, and the notice is not in the paper of that day (one being that day issued, as here), is not a good notice. *Galbreath v. Newton*, 30 Mo. App. 380 ; *Kean v. Cushing*, 15 Mo. App. 96 ; *Kean v. Klausman*, 21 Mo. App. 485 ; *Hewes v. Reaves*, 40 Cal. 255.   (8) The motion for new trial and in arrest should have been sustained.   Especially so the motion for new trial, as the verdict gave fifteen-per-cent. per annum interest from the date of the original tax bills, to which plaintiff was in no event entitled,   *Eyerman v. Provenchere*, 15 Mo. App. 256, 271.

*Geo. P. B. Jackson*, for respondent.

(1) The court properly overruled the motion to strike out the amended petition :   *Galbreath v. Newton*, 30 Mo. App. 380 ; *Eyerman v. Scollay*, 16 Mo. App. 500 ; *Weber v. Schergens*, 28 Mo. App. 587 ; *Kiley v. Cranor*, 51 Mo. 541 ; *Kiley v. Oppenheimer*, 55 Mo. 374 ; *Stadler v. Roth*, 51 Mo. 400; *Morley v. Weakley*, 86 Mo. 451, 455.   (2) The part of the answer stricken out presented no defense, and there was no error in striking it out.   Cases above

cited. (3) The plaintiff as assignee of the tax bills sued on can maintain the action. *St. Louis to use v. Rudolph*, 36 Mo. 465 ; *Kansas City to use v. Rice*, 89 Mo. 685 ; *Stadler v. Roth*, 59 Mo. 400 ; *Bank v. Arnoldia*, 63 Mo. 229 ; *Bank v. Nelson*, 64 Mo. 418. (4) That a different section of the street was not completed when the original tax bills were issued for the work on the section here involved, is no defense to this action. Charter of Sedalia, Acts of 1875, p. 297, sec. 4 ; *Kiley v. Cranor*, 51 Mo. 541 ; *Weber v. Schergens*, 59 Mo. 393 ; *Neenan v. Smith*, 60 Mo. 296 ; *Halpin v. Campbell*, 71 Mo. 494. (5) There is no error in the giving and refusing of instructions. The court acted in this regard in conformity with the opinion in this case in 30 Mo. App. 380. (6) The notice for bids was sufficient. *St. Joseph v. Anthony*, 30 Mo. 542 ; *Fowler v. St. Joseph*, 37 Mo. 237 ; *St. Louis v. Richeson*, 76 Mo. 470 ; *Kansas City v. Hulling*, 87 Mo. 203. (7) All the questions now presented by appellant, except those based on the amended tax bills, and as to the right of an assignee to sue, were presented to and were decided by this court, when this case was here on the former appeal, and all such matters are concluded by the former judgment of this court, and by the opinion reported in 30 Mo. App. 380. *Banks v. Taylor*, 62 Mo. 338 ; *Adair Co. v. Rumby*, 75 Mo. 282 ; *Conroy v. Iron Works*, 75 Mo. 651 ; *Gaines v. Fender*, 82 Mo. 497.

GILL, J.—This case is now here on a second appeal. The decision on the former hearing will be found in 30 Mo. App. 380. To economize time and space we shall here refer to the complete statement of the case, as there published, adding only the new features of a second trial following the remanding of the cause, and these new facts we shall notice in the course of the opinion. For reasons set out in the opinion when here before, the judgment ( then as now for the plaintiff ) was reversed, and the cause remanded for a new trial. The

cause was again tried before a jury with a like result; verdict for the plaintiff on the tax bills sued on, and from the judgment thereon the defendant has again appealed to this court.

To arrive at an understanding of the various points made in appellant's brief, it is proper to state, that, to cure some defects in the original tax bills (and which were pointed out in the first opinion by this court, 30 Mo. App. 391), plaintiff in July, 1889, procured one R. M. Fraker, former register of the city of Sedalia, and who issued the said old tax bills, to issue amended bills to take the place of those adjudged irregular or defective. Thereupon plaintiff filed an amended petition declaring on the tax bills as amended and setting out, *in hæc verba*, the contents thereof. Defendant then filed his motion to strike out this amended petition on the alleged ground that it was a departure from the cause of action contained in the original petition, in that the amended petition was on tax bills issued since the action was commenced, etc. This motion the court overruled, and defendant saved an exception. Defendant filed his amended answer to the amended petition, setting up in addition to matters contained in his original answer the following:

"And more especially as to said amended tax bill defendant says the same is void for the reason that under the charter of said city in force at the date thereof the city register was not the proper officer to issue such tax bills, and there was not then any such office or officer in existence, and the register or the late register of said city was not then the proper officer or person to issue such tax bills. And, further, said Fraker ceased to be an officer of said city, May 1, 1882, and about the year 1883 he ceased to be a citizen of said city of Sedalia and removed to the state of Kansas, and said amended tax bills were issued by him in Cheyenne county, Kansas, while he was a citizen thereof and without any data before him from which to make the

same, and said Fraker was hired to and paid by the plaintiff for the issue of the same. And for these reasons said amended tax bills are void."

This clause of the answer was, on motion of plaintiff, stricken out for the reason that the matter thereof constituted no defense.

Then again the record shows that when such amended tax bills were offered as evidence defendant objected to the same for the reasons ( in addition to those above mentioned ), that the petition failed to state a cause of action, and also because said amended alleged tax bills were not attested by the city's seal. This objection, too, was by the court overruled, to all of which defendant preserved exceptions.

I.   Admitting for the present the due and proper execution of these amended tax bills, we first notice the motion made to strike out the amended petition. The theory that suggested this motion was, we take it, that the tax bills now in suit were not *amended* bills, but were the only tax bills ever issued for the work done; that the originals were absolutely void and, therefore, not subject to amendment. This clearly is a misconception of the character of the original tax bills. They did not belong to that class known as void; they were only informal or irregular in matter of minor detail, as declared by this court at the former hearing. The objections then named were, that they did not in express terms allege defendant Newton to be the owner of the lots charged ; that there was no direct statement of the execution of the work and of the material furnished, etc., and it was there said, " that these things can be inferred from what is stated, but the better and safer way would be to make the bills more definite by amendment." *Galbreath v. Newton*, 30 Mo. App. 391. A mistake in the name of the owner, or even the omission to name any owner, does not invalidate the tax bills. They may be amended so as to designate the true owner. *City of St. Louis to use v. DeHoue*, 44 Mo. 136 ;

*Stadler v. Roth*, 59 Mo. 400; *Pendergast v. Richards*, 2 Mo. App. 193; *Eyerman v. Scollay*, 16 Mo. App. 501. As argued by defendant the tax bill is the cause of action, and, as a cause of action defectively alleged may be amended, so the irregularities or informalities in a tax bill are subject to amendment.

The amended tax bills as now set out in the amended petition do not constitute new and distinct causes of action, different from those of the original petition, but comprise the same causes of action more definitely and formally declared. The circuit court, therefore, rightly denied the defendant's motion to strike out the amended petition.

II. The next contention is that the alleged amended tax bills are void because not made out and certified by the proper officer. It seems that in 1881 (the date of the original tax bills) the duty of certifying and issuing such tax bills under the charter of Sedalia devolved on the city register, a position then held by R. M. Fraker; and said Fraker as city register did issue these original informal bills. In the year 1886, the city of Sedalia abandoned its special charter, and organized as a city of the third class under the general law. So that in 1889, when the amended bills were executed, there was no longer in said city the office of city register, and the duty of the certifying and issuing tax bills formerly devolving on such officer was imposed by the law of the municipality on the city clerk. These amended bills were certified by Ex-city Register Fraker who had been out of the office since 1882. Now, bearing in mind that the original bills issued by City Register Fraker, in 1881, were not absolutely void and nugatory, but simply informal and irregular, there is no doubt, that, under repeated decisions of the appellate courts of this state, Ex-city Register Fraker was authorized to correct such informalities, and certified such corrected and amended tax bills. "Amendments in the proceedings of town officers must be made by the persons who were in office

when the proceedings were had, and it is not necessary that they should be in office at the time of making the amendment." *Kiley v. Cranor*, 51 Mo. 543; *Stadler v. Roth, supra; Morley v. Weakley*, 86 Mo. 455. *Eyerman v. Blakesley*, 13 Mo. App. 407, does not conflict with this view. The original tax bills alluded to in that case were held to be absolutely void and not amendable, and, therefore, it was said that the new bills issued stood as the first execution of the power, and should be certified by the officer whose duty it then was. It was admitted by the court in the opinion in that case that if the new bills were issued to correct some mere *informality* then the duty to certify the amended bills belonged to the engineer who was in office at the time the original bills were issued, although he was out of office at the time of the correction. See pp. 410, 411. That Fraker resides in the state of Kansas is wholly immaterial. His authority, under the law, to correct his formal official action in this regard could not be impaired on account of his residence, whether still a resident of Sedalia or domiciled elsewhere. Neither does it concern this controversy that plaintiff, to secure Fraker's performance of the duty, compensated him for such action. The absence of the seal of the city of Sedalia from these last certificates by Ex-register Fraker does not invalidate these amended tax bills. In the first place I find no provision of the Sedalia charter requiring the affixing the city's seal to such a certificate. But even if required it could not apply to Fraker's certificates, since he is now out of office, had no charge, custody or control of the seal, and could not, therefore, use it to attest his action in this instance. From the foregoing considerations then we approve the action of the trial court in striking out that portion of the amended answer relating to the matters discussed in this paragraph.

III. It is further contended that the plaintiff, as assignee of the contractor to whom the tax bills were issued, cannot maintain this action in his own name.

It seems the contention, that the suit should have been brought in the name of the city of Sedalia to use of plaintiff, etc. This objection relates to the face of the petition, and should, therefore, have been raised on a demurrer thereto. Failing so to do such defect (if defect it is) was waived. R. S. 1889, secs. 1243, 2047; *Walker v. Deaver*, 79 Mo. 672.

However, it seems this action is properly brought in the name of the assignee of the cause of action. He is the real party in interest. Such assignee stands in the place of the contractor. The Sedalia charter seems to contemplate a suit of this nature to be prosecuted by the contractor or his assignee, and in his name and not in the name of the city. Section 24 provides: "Said tax bills shall be and become a prior lien on the property charged therewith, and may be collected of the owner of the land, in the name of and by the contractor, as any other claim in any court of competent jurisdiction, with interest at the rate of fifteen per cent.," etc. Our attention has not been called to anything in the city charter requiring such suits to be instituted in the name of the city. There is no merit in this point, and we hold it against the defendant.

IV. At the trial, defendant offered evidence tending to prove that the improvement of Ohio street, north of Fifth street (provided for in the same ordinance for the macadamizing of said street south of Fifth street), was not completed when tax bills were issued, and that, therefore, the same were issued without authority and void. The contention is made on the authority of *City to the use of McGrath v. Clemens*, 49 Mo. 552, and cases in line therewith, which hold, that "assessments against adjoining property-owners for street improvements cannot be made, nor can special tax bills therefor be enforced, till the contract for the improvement is fully completed." The application of this rule does not sustain defendant's contention here. The municipal authorities of Sedalia were empowered

by charter to provide in the one ordinance for separate pieces of work on the same or different streets. And, in this instance, the improvement of Ohio street by curbing, macadamizing and guttering *north* of Fifth street was provided for in the same ordinance for the *macadamizing* alone of Ohio street *south* of Fifth street to Twelfth street. The work to be done on the section of the street north of Fifth street was of a different character from that provided for the section *south* of Fifth street. The ordinance provided for separate bids and separate assessments, and the contract, though let to the same party, was for two separate and distinct pieces of work, as much so, indeed, as if on entirely different streets. There was, in effect, two separate contracts for street improvements, and the completion or non-completion of the one job in no way concerned the other. Now, these tax bills in suit were issued on account of the improvement of that section of Ohio street south of Fifth street, and this work, it is admitted, was fully completed before the bills were issued. The non-completion of the work in the other section is no defense to an action on the bills for the completed job. "All that was necessary to make the defendant ( or rather his property ) liable was to show that the work was finished on the street (or section thereof) out of which the assessment grew." *Neenan v. Smith*, 60 Mo. 296. "The power to grade ( or improve ) a part of a street, and for that purpose to make the property fronting that part of the street alone bear the expense of the work, is conceded." *Halpin v. Campbell*, 71 Mo. 494.

V. In the oral argument, some complaint was made by defendant's counsel that the contractor failed to use "Flat creek" gravel as a dressing for the street. The specifications, which accompanied and formed a part of the ordinance, do provide for the use of "Flat creek" gravel on that section to be improved from Fifth street north, called section number one, and for the section south of Fifth street (the work which is the

basis of these tax bills) the ordinance designates "gravel of the *kind* specified for the first section," etc. The contract does not in terms name "Flat creek" gravel, but designates "clean *flint* gravel, as free from dirt as can be procured," etc. Plaintiff introduced evidence showing that Flat creek gravel and flint gravel were used interchangeably in and about Sedalia to designate a quality or kind of gravel found on said Flat creek, and it would seem that the gravel used corresponded with the kind named flint or Flat creek gravel, and was procured in part from Flat creek and some other streams tributary to said Flat creek. It would seem that this was a substantial compliance with the contractor's obligation in that regard, and there is no just cause to complain thereat. Plaintiff's instruction, numbered 6, placed this question fairly before the jury, and we see no reason to condemn it.

VI. In the matter of advertising for bids for the work, defendant's position may be understood by quoting his seventh instruction as requested of, but which was refused by, the lower court : "Under the evidence, the advertisement for bids was not published on the day the bids were to be received thereunder, and the same was not, therefore, published as required by law, and it did not authorize the letting of the contract herein, and said contract is void. The notice for bids was, it seems, published in a daily paper at Sedalia, commencing the tenth day before the bids were opened and continued regularly and daily to the day fixed, save only the last day, when the notice did not appear. We are furnished with no good reason to condemn this notice. Neither the city charter, nor any ordinance, in express terms, provides for any such notice at all. It was said, when the case was here before, that some notice was implied, because section 2 of the ordinance requiring the work to be done provided that sealed proposals would be received, and that the contract and work should be let to the lowest bidder—thereby implying

that reasonable public notice should be given. In the absence of any direction, by statute or ordinance, as to the length of time or number of days such notice should be given, it would seem the notice given was entirely reasonable.

VII. Clearly plaintiff was entitled to recover interest, at the rate provided by the charter, from the date of the original tax bills, City Charter, sec. 24. It was defendant's duty to pay such original bills ( informal as they were ) immediately after their issue, or, in default thereof for six months, he ( or rather his property ) was, by the terms of the law, charged with an additional sum equal to fifteen per cent. per annum from the date thereof. The payment of such original, defective bills would have satisfied the lien and have been a bar to any future action or claim. *Weber v. Schergens*, 28 Mo. App. 587.

VIII. As to the matter of estoppel, invoked by plaintiff against the defendant, whereby he is denied any defense on account of the substitution of one class of material for another in the make-up of the macadam foundation, we do not care to say more than that the cause was tried in strict conformity with our former opinion ; the instructions intelligently and fairly placed that issue before the jury, and they have decided. the facts against the defendant. With this question,. then, we have no further concern.

Having carefully considered every question presented, we discover no reason for reversing the judgment of the court below, and, therefore, affirm the same.