John . A. Riley, Executor, Appellant, v. Mary H. Stewart, Respondent.

Kansas City Court of Appeals, June 13, 1892.

1. **Municipal Corporations:** SPECIAL TAX BILL: NEW FOR VOID: CITY REGISTER. That the city register may have issued a void tax bill for street improvement in no way impaired his authority or relieved him of his duty to issue valid tax bills therefor, and the fact that the new bill recited the void one *in hæc verba* does not invalidate it. (*Following Galbreath v. Newton,* 45 Mo. App. 312.)

2. ——: ——. The tax bill described in the opinion *held* sufficient. (*Following Galbreath v. Newton,* 30 Mo. App. 380.)

3. **Practice, Appellate:** CHANGING ONE COUNT INTO THREE: OBJECTION TOO LATE. The contention, that a suit having been brought on a tax bill in one count cannot be changed to a suit on three tax bills in three counts, comes too late for the first time in the appellate court.

Riley v. Stewart.

*Appeal from the Pettis Circuit Court.*—Hon. Richard
Field, Judge.

Reversed and remanded.

*E. J. Smith* and *W. S. Jackson*, for appellant.

(1) Under the law and ordinances the city clerk
of Sedalia might properly issue the new tax bills '
declared on in the third amended petition, and said
second amended petition did state a good cause of
action, and it was error in the court to exclude said tax
bills and any and all evidence, and to hold, as was done,
that said petition did not state facts sufficient to con-
stitute a cause of action. City Charter, secs. 15, 23, 31;
Session Laws of 1873, p. 364; Session Laws, 1875, secs.
4, 7, p. 294; R. S. 1889, secs. 979, 1465; *Eyerman v.
Blakesley*, 13 Mo. App. 407; *Eyerman v. Scollay*, 16 Mo.
App. 498; *Weber v. Schergens*, 28 Mo. App. 587;
*Pendergast v. Richards*, 2 Mo. App. 187; 1 Dillon on
Municipal Corporations [2 Ed.] sec. 332, p. 345, with
note. (3) R. M. Fraker, former city register, could
properly issue the new tax bills declared on in the third
amended petition, and the same are good on their face.
And it was error in the court to exclude them as
evidence. At least, if the court was right in holding
those issued by the city clerk were invalid, then those
issued by the former city register must have been and
must be good. *Keiley v. Cranor*, 51 Mo. 541; *Keiley
v. Openheimer*, 55 Mo. 374; *Morley v. Weakley*, 86 Mo.
451; *Galbreath v. Newton*, 30 Mo. App. 380; *Galbreath
v. Newton*, 45 Mo. App. 312. It will be seen there is no
point raised by respondent as to the propriety of filing
the amended petitions on the new tax bills or the pros-
ecution of the case thereon. Defendant answers as to
each and all the petitions. No such point, therefore, can

or could be raised. *Scovill v. Glasner*, 79 Mo. 469. And if raised it should be decided for plaintiff. The point was raised and ruled that way in *Galbreath v. Newton, supra; Spurlock v. Railroad*, 104 Mo. 658.

*Sangree & Lamb* and *Jackson & Montgomery*, for respondent.

(1) The court did not err in refusing to admit any evidence under the second amended petition, for the reason that said petition alleged that the tax bill first issued was against three lots jointly, and was, therefore, void. *Christian v. Taussig*, 8 Mo. App. 602; *Kemper v. King*, 8 Mo. App. 116–28; *Kemper v. King*, 8 Mo. App. 584; *Hannibal v. Richards*, 35 Mo. App. 15–27. (2) The so-called amended tax bill counted on in the third amended petition, and offered in evidence on the last trial and excluded by the court, was void for the reason that it set forth *in hæc verba* the original tax bill against three separate lots jointly. The original bill was, therefore, absolutely void, and not merely defective; hence, it was not amendable, and the bill offered in evidence, reciting on its face that the original tax bill was void, and that the subsequent one was made for the purpose of correcting and amending the prior void one, was necessarily also void. The attempted amendment of a void bill was a nullity, and when the amended bill recited these facts it was void on its face, and was properly excluded. Cases, *supra; Eyerman v. Scollay*, 16 Mo. App. 500; *Eyerman v. Blakesley*, 13 Mo. App. 407; *Weber v. Schergens*, 28 Mo. App. 587; *Galbreath v. Newton*, 45 Mo. App. 312. The suit having been first brought in one count on the void tax bill, the plaintiff could not amend, changing his suit to three counts on three several unauthorized, so-called amended

bills.    The tax bill is the cause of action in such suits as the present (*Pendergast v. Richards*, 2 Mo. App. 187), and w. ͜ ʼ one not legally the basis of amendment is offered in evidence it is properly excluded.

SMITH, P. J.—The appeal in this case presents for our decision but a single question, and that is as to the propriety of the action of the trial court in rejecting the plaintiff's offer to introduce in evidence the three special tax bills counted on in his third amended petition.   The ground of objection to these tax bills was, that they were void on their face.   They were issued under the provisions of the charter and ordinances of the city of Sedalia, sections 15, 23, 24, 31 (Acts, 1873, p. 364, and secs. 4 and 7, Acts, 1875, p. 274), and were made *prima facie* evidence that the work and material charged in such bills have been furnished, of the execution of the work, the rates or prices, amount thereof and of the liability of the persons therein named as the owner of the land charged with such bill to pay the same.   They recite, *first*, the passage of an ordinance requiring that a certain section of Second street be graded and macadamized by letting the work and contract therefor; *second*, that the said grading and macadamizing be done at the expense of the owners of real estate abutting upon said designated part of said street, and that the charges for such work should be a special tax against said real estate in proportion to its frontage on said part of the street; *third*, that the work was duly awarded under the ordinance to Russell at a certain price per lineal foot; *fourth*, that said contractor did grade and macadamize said part of said street and furnish all material therefor, and that the city, through the city engineer, approved and accepted the said grading and macadamizing; *fifth*, that Fraker, city register, on the completion and acceptance of said grading and

macadamizing as aforesaid, duly ascertained the amount and cost thereof at the rate of $2.50 per lineal foot thereof, according to the provisions of said ordiance and contract, and apportioned the same upon the abutting property to said section of said street according to the frontage thereon, and assessed and levied a special tax therefor on said lots abutting thereon, levying upon each lot its *pro rata* share of the cost of said grading and macadamizing according to the frontage of each lot on said section of the street; *sixth*, that Mary H. Stewart was the owner of lot 7, block 39, the same abutting and fronting on said section of said street, having a frontage of forty-four and one-sixth feet; *seventh*, that said city register did assess, apportion and levy against said lot, and said Mary H. Stewart as owner thereof, $65.47 1-3, as a special tax for the *pro rata* share of the cost of said improvement, chargeable to said property, and certify a special tax bill against said lot 7, and, also, 8 and 9, in said block 39, the said Mary H. Stewart being the then owner of all three of said lots, for the sum of $196.49, as follows: (It is here recited *in hæc verba*).

It is further recited in said tax bill that:

"Whereas, said special tax bill so issued by me is erroneous, in that it recites a joint assessment on all of said lots therein named and described and is a joint tax bill against all of said lots, when the assessment in fact was against each lot separately for the amount properly chargeable to it, and there should have been separate tax bills issued against each lot, and the same may be defective in some other particulars, now, therefore, I, R. M. Fraker, formerly city register of the city of Sedalia, Missouri, during the year 1881, for the purpose of amending and correcting the aforesaid tax bill, do hereby certify each and every part of the premises and that I did on the said tenth day of September, 1881,

and do now, as of and for said date, apportion to and assess and levy against said lot, number seven (7) in block 39, of the original plat of the city of Sedalia, Pettis county, Missouri, in favor of said William Russell, the sum of $65.47 1-3, as the *pro rata* share of the costs of said work done and improvement made on said section of Second street, chargeable to said above-described lot number 7, and according to its frontage of forty-four and one-sixth feet on said section of said street, and do now as, of and for said date assess, levy and charge the said sum against said Mary H. Stewart, as the owner of said lot of ground, and do now make, issue and certify this as an amendment and corrected special tax bill against the above-described lot and against the said Mary H. Stewart, as the owner thereof, and for the sum of $65.47 1-3, the *pro rata* share of the costs of said work and materials and improvement on said section of said street, chargeable to said lot of ground on said June 10, 1881. And I further certify that not now being in office I have not the control or custody of, and cannot use, the seal of the city of Sedalia.

"In testimony whereof, I have hereunto set my hand and affixed my private seal, this seventeenth day of October, 1890.

"[Seal] R. M. FRAKER,
"Late City Register of Sedalia."

The other two of said tax bills were identical with the foregoing, except as to the lot described in each.

The defendant insists, in support of the action of the trial court, of which plaintiff complains, that said tax bills are void, for the reason that the original tax bill therein recited *in hæc verba,* being against three lots, is void, and not the subject of amendment. It is not disputed that the work for which the tax bills were issued was done under a valid

contract with the city, nor that the contractor was entitled to a proper tax bill therefor. The fact that the first tax bill issued by the city register was void, for the reason that it was made out against three lots, instead of against each one, in no way impaired the authority of the city register, or relieved him of the duty to issue valid tax bills. His mistake was in issuing one tax bill, when he should have issued three. The tax bill therefor issued in the first instance was, under all the authorities, so defective as to make it illegal and void. The case stood very much as if no tax bill had been issued at all. The duty enjoined upon the register by law, in effect, remained unperformed until he issued valid tax bills. It was competent for the city register to correct the error in the original illegal and void tax bills, by making out and issuing to the contractor valid tax bills. *Eyerman v. Scollay*, 16 Mo. App. 498; *Eyerman v. Blakesley*, 13 Mo. App. 407; *Eyerman v. Provenchere*, 15 Mo. App. 256; *Pendergast v. Richards*, 2 Mo. App. 187.

The tax bills in question contain every essential recital required by law to render them valid. *Galbreath v. Newton*, 30 Mo. App. 380. It is true the original void tax bill is recited therein. This was, no doubt, done by the register for the purpose of showing the reason why the new bills were issued. He might have canceled the first bill, and have then issued new ones, without reference therein to the issue and cancellation of the first. But no reason is perceived why the incorporation of the original tax bill in the new ones, and the recitals therein made in respect to the former, should have the effect to invalidate the latter. It seems to us whether the new tax bills issued in lieu of the first one be regarded as original or amended, is of no consequence. It further seems to us the issue of the tax bills counted on was but the tardy performance of a

ministerial duty by the city register. The contractor performed the work and furnished the material, under a valid contract with the city, and the defendant's property received the resulting benefits therefrom; and there seems to be no substantial reason appearing, either in the recitals in the tax bills themselves or elsewhere, why the property of defendants should not be charged with the tax-bill liens. The authority of the city register to make out and deliver to the contractor said tax bills, after the expiration of his term of office, is sanctioned by the ruling in *Galbreath v. Newton,* 45 Mo. App. 312, and the cases then cited.

The contention, that, the suit having first been brought on the void tax bill in one count, the plaintiff could not amend by changing his suit into three counts on three several tax bills, does not properly arise on the appeal; but, if so, no motion was made to strike out the amendment, nor objection offered to the introduction of evidence on that account. But, on the contrary, the defendants filed their answer thereto and proceeded to trial, and now here, for the first time, interpose the objection just mentioned. The allegations of the amendment are quite similar to those of the original petition, and, therefore, it is too late for the defendants to raise the question that the plaintiff's second amended petition has changed the cause of action from what it was in the original petition. *Spurlock v. Railroad,* 104 Mo. 658; *Stearns v. Railroad,* 94 Mo. 322.

It follows that the judgment must be reversed, and the cause remanded, to be proceeded with in conformity with the law as it has been declared in the foregoing opinion. All concur.