WILLIAM CAVANEE, Appellant, v. CITY OF MILAN, Respc̲ ̲dent.

Kansas City .Court of Appeais, May 11, 1903.

1. **Evidence:** CONTENTS OF LOST ORDINANCE. Where an ordinance is lost, a party claiming rights thereunder may show by parol evidence the contents thereof as it passed the city council.

2. **Offices and Officers:** SALARY: SICK MARSHAL. A marshal of a city is entitled to his salary for the time during which he was sick and unable to perform the duties of his office.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED.

*Wilson & Clapp* for appellant.

(1) A public officer is not entitled to his salary by virtue of a contract expressed or implied. The right to the salary which the ordinance prescribes, exists· as a creature of law, and as incident to the office, and that salary is to be paid him whether or not he neglects his official duties. Bates v. St. Louis, 153 Mo. 18; State ex rel. v. Walbridge, 153 Mo. 194, and cases cited. (2)

If a record is lost, its contents may be proved like any other documents by any secondary evidence. 1 Greenleaf, Evidence (15 Ed.), secs. 86 and 509; Parry v. Walser, 57 Mo. 169; Monks v. Strange, 25 Mo. App. 1. c. 17; State ex rel. v. Goodhue, 74 Mo. App. 162. And in like manner the contents of a lost ordinance may be proved by parol.   Wells v. Pressy, 105 Mo. 1. c. 177.

*W. F. Calfee* for respondent.

(1)   The court very properly refused to allow appellant to contradict the record and impeach the printed, published and duly authenticated ordinance, by parol testimony.   Beaudean v. Cape Girardeau, 71 Mo. 392; St. Louis v. Foster, 52 Mo. 513; Tarkio v. Cook, 120 Mo. 1; Tipton v. Norman, 72 Mo. 380; Rockville v. Merchant, 60 Mo. App. 365; R. S. 1899, sec. 3100.   As to appellant's second contention, the ordinance fixing his salary at $25 a year was in force when he was elected in 1894, and was not modified, repealed or amended during the entire eight years he was in office.   This the appellant was bound to know and did know, and if the city authorities wrongfully paid him more than the law authorized, plaintiff knew it was in violation of law, and being participated in by him can not now be complained of when the city asserts its legal rights.   Bigelow on Estoppel (3 Ed.), 484; Blodget v. Perry, 97 Mo. 263; Bales v. Perry, 51 Mo. 449; Douglass v. Cissna, 17 Mo. App. 54; State ex rel. v. Murphy, 134 Mo. 548, and authorities cited; Wheeler v. Poplar Bluff, 149 Mo. 36; Keating v. Skiles, 72 Mo. 97; sec. 1543, Story's Equity (11 Ed.), page 873.

BROADDUS, J.—This is a suit by plaintiff for a part of his salary, alleged as due him as marshal of the defendant city.   It was admitted that he was the defendant's marshal for the time for which he claims

compensation, and it is also admitted that he did not perform the duties of the office during such time; but it was shown that he was unable to so perform such duties by reason of sickness. Plaintiff claimed that he was entitled to $25 a month under the ordinances of the city, while defendant contended that he was only entitled to $25 a year. On the trial what purported to be a copy of an ordinance fixing the salary of the city marshal was in evidence. This copy was printed in a pamphlet which was claimed as containing the ordinances of the city. In a section of one of said alleged ordinances which related to the city marshal, it appeared that his salary was fixed at $25 a year, but the word year was crossed with red ink, and above was written the word "month." The original ordinance was mislaid or lost. The plaintiff offered to show by the attorney who had written the ordinance that it was written by himself and passed by the city council, and that it fixed the marshal's salary at $25 per month. The offer was refused by the court.

The court sitting as a jury found for defendant. Plaintiff appealed.

As the evidence did not show that said pamphlet purporting to contain the ordinance regulating the salary of the city marshal was published by the authority of the city council, the plaintiff was not precluded from showing the contents of such ordinance as it passed the city council, the same having been lost or destroyed. Wells v. Pressy, 105 Mo. 164.

And plaintiff was entitled to his salary for the time during which he was sick and unable to perform the duties of the office. Bates v. St. Louis, 153 Mo. 18; State v. Walbridge, idem, 194.

Respondent has filed what is claimed to be an authentic copy of the original ordinance, but as appellant has not agreed that it is such, we can not consider it.

Cause reversed and remanded.    All concur.