CITY OF MOUND CITY EX REL. REINERTS BROS. CONSTRUCTION COMPANY, APPELLANT, v. J. B. DEARMONT, RESPONDENT; G. W. EASTIN, RECEIVER.*

Kansas City Court of Appeals. November 7, 1927.

*Corpus Juris-Cyc References; Evidence, 22CJ, section 1317, p. 1030, n. 36; Municipal Corporations, 44CJ, section 3034, p. 616, n. 15.

*Tibbels & Bridgeman* and *Geo. W. Eastin* for appellant.

*George C. Price* and *J. B. Dearmont* for respondent.

BLAND, J.—This is a suit upon a special tax bill in the sum of $714.82, issued against Lots 1 and 4, Block 20, of the original town of Mound City, for the cost of paving and otherwise improving Nebraska street in said city. The property is owned by the defendant. There was a judgment for defendant and plaintiff has appealed.

The evidence shows that the two lots in controversy are under one ownership, are not fenced or separated by a fence. They are on a corner of the block and, being vacant, are used by defendant and his family for raising a garden and for fruit without reference to the lot lines.

The material facts are that the improvement was completed by the holder of the tax bill, the Reinert Bros. Construction Company

and on October 7, 1921, the city engineer filed his report with the city council assessing the cost of the improvement. On said day the council passed an ordinance, being Ordinance No. 110, approving the report. This ordinance levied a special tax against the property liable therefor, and provided that the total assessment against Lot 4, Block 20, should be $333.53 and against Lot 1, in the same block, the sum of $388.29. The ordinance directed the city clerk to ''issue tax bills against each of the above and foregoing described properties for the amount of the special tax herein levied against the same, and, when said tax bills have been fully executed and recorded to deliver the same to the contractor.''

It appears that instead of issuing two tax bills for the respective amounts assessed against each lot as directed by the ordinance, the city clerk issued an aggregate tax bill against both lots, figuring and assessing the amounts against the two lots as a whole, but the figures of the clerk do not correspond with those in the ordinance even if the assessments against the two lots made in the ordinance are added together. For instance, the total assessment in the ordinance against the two lots for paving is $467.71 while the clerk assessed the sum of $562.86 for this work.

We think there is no question but that the tax bill issued is void. The statutes, sections 8510 and 8505, Revised Statutes 1919, provide that the board of aldermen shall levy the tax provided for in the statute for improvements of the character involved here. Under the provision of similar statutes, it has been held that it is not even within the power of the council to delegate to the city clerk the authority to levy and assess the cost of a street improvement. [Sedalia to use v. Donahue, 190 Mo. 407, 421, 422; 28 Cyc. 1141; see, also, Riley v. Stewart, 50 Mo. App. 594; City of Westport ex rel. v. Jackson, 69 Mo. App. 148; City of Westport ex rel. v. Mastin, 62 Mo. App. 647.] Here the city clerk has violated the order of the board of aldermen and has undertaken to make the levy himself.

Plaintiff insists that the evidence shows that the two lots against which the tax bill sued upon was issued, are contiguous and are occupied and treated by the defendant and his family as one property and that the lots therefore are chargeable in one bill for the improvement of the street. In support of this contention plaintiff cites the case of Mound City v. Shields, 278 S. W. 798, and like cases. It is unnecessary for us to pass upon the contention as to whether the two lots might be assessed as one tract for the aggregate of the amounts assessed by the ordinance against each lot, for the reason that there has been no valid issuance of any tax bill or bills. As before stated, the exclusive authority to make the assessment is in the board of aldermen, and the city clerk had no right to issue the bill as he did in the teeth of Ordinance No. 110. It, therefore, follows that, even assuming that the city clerk issued the tax bill

in the way he should have been directed by the council, he having no authority whatever in the premises, his act was void. If the levy, in the first instance made by the council, is improper as not being made against both lots in the aggregate, then plaintiff is in a worse position than had there been merely an irregularity in the issuance of the bill by the city clerk.

It is complained that the court erred in admitting in evidence a certified copy of Ordinance No. 110, duly certified by the city clerk on June 5, 1923, it being shown that an ordinance book was maintained by the city in which was kept a record of ordinances passed by the board of aldermen. We find from an examination of plaintiff's abstract that about the time of the trial, which was early in 1926, the city clerk was unable to find the original ordinance. The additional abstract brought here by the respondent, shows that that part of the ordinance book covering Ordinance No. 110 was intro·duced in evidence. The record in the ordinance book shows on its face that it does not contain the entire ordinance, the part computing and assessing the tax against the particular tracts being omitted. The objection to the certified copy of the ordinance was not based upon any contention that it was not a correct copy of the ordinance, but that the ordinance book should be produced as original evidence. The certified copy was properly admitted in view of the fact that the original ordinance was lost and the ordinance book upon its face does not purport to contain the entire ordinance, but parts material to this controversy are omitted. [Wells v. Pressy, 105 Mo. 164, 178; Knight v. K. C., St. Joseph & C. B. R. R. Co., 70 Mo. 231, 236; Cavanee v. City of Milan, 99 Mo. App. 672.] We need not pass upon the question as to whether the copy would have been admissible, the original being lost, although there had been a complete ordinance shown in the ordinance book.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.