————o————

BARBARA STADLER, Adm'x of JOHN STADLER, dec'd, Respondent, *vs.* CHARLES ROTH and JOHN MEYER, Appellant.

1. *Special tax bill—Erasure and substitution of name of owner by engineer—By his successor—Effect of on bill as matter of evidence.*—The failure of the city engineer to insert in a special tax bill the name of the true owner does not vitiate the bill; but the rights of persons not made parties, (Sess. Acts 1871, p. 193,) and who are not privies, will not be affected by the judgment thereon. The city engineer may erase the wrong and insert the true name of owner in the bill, and may do so even after expiration of his term of office. But such correction by his successor, while it will not invalidate the bill, will render it no longer *prima facie* evidence of the facts therein named, either as against the original or the substituted party.

*Appeal from St. Louis Circuit Court.*

*Jecko & Hospes*, for Appellant.

I. The bill was incompetent evidence as against the defendant, Meyer, the only real defendant in the case. (Kefferstein vs. Knox, 56 Mo., 186.)

*Thos. Grace*, for Respondent.

I. The tax bill sued on was *prima facie* evidence of the validity of the charge against the property, even though the engineer failed in the first instance to insert in the bill the name of the real owner. (Sess. Acts 1871, p. 193, §§ 1, 2, 7; 1867, p. 74, § 11; City to use of McGrath vs. Clemens, 36 Mo., 473.)

II. The requirement of the statute that the engineer should make out the bill in the name of the owner of the land is directory, and a mistake on his part in that particular will not

vitiate the assessment. (City to use of Creamer vs. Bernoudy, 43 Mo., 552; City to use Rotchford vs. DeNoue, 44 Mo., 137; Alvord vs. Collier, 20 Pick., 426.)

III. It was competent for the acting engineer to correct a mistake in the tax bill, committed by his predecessor in office, since the records and date showing the nature of the mistake were on file in his office and in his keeping. (Kiley vs. Cranor, 51 Mo., 543.)

Hough, Judge, delivered the opinion of the court.

This was an action brought by John Stadler, as assignee of a special tax bill issued December 23, 1867, by F. Bischoff, then city engineer of St. Louis, against Edward Buse, as the owner of the property therein described. During the progress of the suit Stadler died, and the cause was revived in the name of Barbara Stadler, as executrix. Defendant, Meyer, was the owner of the property described in the tax bill at the time of the institution of the suit. In December, 1872, plaintiff's attorney received the tax bill sued on from the plaintiff's testator for the purpose of collecting it, and finding, as he believed, that the title to the property sought to be charged by it was at the time the bill was issued not in Buse, but in the defendant, Charles Roth, he took the bill to the tax clerk, in the office of J. B. Moulton, then city engineer, and informed him of that fact. On the day following the tax clerk, having investigated the matter, returned the tax bill to him with the name of Buse erased, and that of Roth inserted in lieu thereof.

The tax bill was read in evidence against the objections of the defendant, Meyer, defendant Roth having made default. Defendant asked the court to give an instruction in the nature of a demurrer to the evidence, which was refused and defendant excepted. There was a finding and judgment for the plaintiff, which was affirmed at General Term, and defendant, Meyer, has appealed to this court.

The only question presented by the record for our decision is whether, on the testimony offered, plaintiff was entitled to re-

cover. The acts of 1867, 1870, and 1871, in relation to special tax bills in the city of St. Louis, appear to have been devised with a view of creating a personal liability on the part of the owner of the property charged, and since the decisions of this court in the case of Neenan vs. Smith, (50 Mo., 525, and the city of St. Louis to use, etc., vs. Allen, (53 Mo., 44,) holding that no personal judgment can be rendered in such case, the unity and consistency of the acts having in a measure, been destroyed, it is a task not altogether without difficulty to determine what force and effect shall be given to the portions remaining undisturbed by judicial decision. The failure of the engineer, Bischoff, to insert in the bill the name of the true owner of the property did not vitiate the bill. Rotchford vs. De None (44 Mo., 137). If the validity of the bill should be held to depend upon the title being in the person named as owner, every action to enforce the collection of a tax bill might involve the necessity of trying the title to the property charged, as preliminary to the investigation of the real subject matter of the action. This certainly was not intended by the act, and that such was not the intention will be more apparent when we consider that, under the act of 1871, justices of the peace have jurisdiction of such suits to the amount of $300. Besides, such a rule would impose upon the city engineer the duty of deciding upon land titles, one which it is reasonable to suppose he would be but poorly qualified to perform; and it would, in addition, tend largely to retard the improvement of the streets of the city and to increase the cost of such improvement when undertaken, on account of the extreme hazard attending the collection of the bills on the part of the contractor. Under the second section of the act of 1871, the court has authority to bring in or admit as parties all persons having or claiming an interest in the property charged and as the proceeding to enforce the lien is not one purely *in rem*, the rights of persons not made parties and who are not privies should not be affected by the judgment. Bischoff's successor in office, however, had no authority to correct any mistake in the name of

the owner; this could only be done by the officer who issued the bill, and he had authority to make such correction, although he was no longer in office. (Kiley vs. Cranor, 51 Mo., 543.) The unauthorized erasure of the name of Buse as owner of the property charged by the tax bill, and the insertion of the name of Roth, did not invalidate the tax bill as a charge against the property, but it did not thereby become *prima facie* evidence against either Roth or Meyer. Under the law applicable to this subject the tax bill is only *prima facie* evidence as against the party named in the tax bill as owner. Neither Roth nor Meyer having been named by the officer who issued the bill, as owner of the property charged, as to them the bill was but one link in the chain of testimony necessary to a recovery, and all the other steps required by the charter and ordinances to create a lien on the property should have been shown. We do not understand the case of Kefferstein vs. Knox, (56 Mo., 186,) as holding that an unauthorized alteration of the name of the owner in a special tax bill will utterly destroy the validity of the bill as a lien, but that in consequence of such alteration, it simply ceases to be *prima facie* evidence of the things enumerated in the statute. And as there can be no personal liability on the party named as owner, and such name is required to be inserted as a matter of convenience to the parties, it would seem to be a sufficient penalty to impose upon an alteration in this respect, not made with a fraudulent purpose, to declare that the bill should cease to be *prima facie* evidence even against the party originally named in it as owner.

The court having erred in giving judgment for the plaintiff upon the testimony adduced at the trial, the judgments of the General and Special Term are reversed, and the cause remanded. All the judges concur.