JOHN C. MILLER, Respondent, v. EBERHARDT ANHEUSER, Appellant.

November 6, 1877.

1. In case of the death of the judge who tried the cause, his successor is not bound to grant a new trial for the sole reason that he did not preside at the trial; but where the agreed statement of facts, pleadings, instructions, and all things else necessary to a determination of the cause are as fully and completely before him as they were before his predecessor, he may sign a bill of exceptions.

2. In an action on a special tax bill, where the work done is chargeable to contiguous lots, it is error to render judgment subjecting the lots collectively to the aggregate cost of the whole improvement.

3. In such an action, where it is admitted that the defendant owns only an undivided half of the property sought to be charged with the work, and that another person named owns the other half, it is proper that such other person should be made a party defendant, and prudence requires that this be done.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

H. A. HAEUSSLER, for appellant, cited : *Woolfolk* v. *Tate,* 25 Mo. 597 ; *Cocker* v. *Cocker,* 56 Mo. 180 ; *Voullaire* v. *Voullaire,* 45 Mo. 602.

JECKO, HOSPES & JECKO, for respondent, cited: Wag. Stat. 1058, sec. 6 ; *Woolfolk* v. *Tate,* 25 Mo. 597 ; *Voullaire* v. *Voullaire,* 45 Mo. 602.

BAKEWELL, J., delivered the opinion of the court.

This is an action on a special tax bill. It was tried by the court without a jury, on an agreed statement of facts. It appears from the statement of facts that defendant was, at the time the work sued for was done, and ever since has been, owner of an undivided half-interest in the property described in the petition, which consists of thirteen contiguous lots ; the other undivided half being in one Bush, not a party to the suit. The court found for plaintiff on the first count of his petition, and declared the same a lien upon the property of defendant described. A motion for a new trial was filed, alleging, amongst other grounds, that the judgment and finding are against the law, on the agreed statement of facts ; and, especially, that there was no evidence to warrant a judgment against the whole property described. Whilst this motion was pending, the judge before whom the cause was tried died. The motion for a new trial was overruled by his successor. A motion in arrest of judgment was filed, long after the time limited by law. This motion was sustained by the new judge ; but, his attention being called to the date at which the motion was filed, on motion, the court set aside the order sustaining the motion in arrest, and overruled the same. Defendant appeals to this court.

It is contended by appellant that the court was, in law, bound to sustain the motion for a new trial, for the sole reason that he was not the judge who tried the case, and could not, therefore, intelligently sign the bill of exceptions. If he was ignorant of the merits, it was his duty to grant a

new trial. But there could have been no embarrassment of that sort in this case, as the agreed statement of facts, the instructions, the pleadings, and all things essential to a determination of the cause were as fully before the newly qualified judge as they had been before his predecessor. The court was not, therefore, bound to grant a new trial for the sole reason that the acting judge had not presided at the trial.

It has been decided by this court (*Keferstein* v. *Holliday*, 3 Mo. App. 570) that where work is done chargeable to property divided into contiguous lots, each lot must bear its own burden ; and that, even where they belong to one person, it is error to subject all of them collectively to the aggregate cost of the whole improvement, as was done by the judgment in this case. For this error the judgment must be reversed ; and, as the cause will go back for new trial, it is as well to call attention to the fact that, by the agreed statement, the defendant, at the time the work was done, and since, owned only an undivided one-half interest in the property, and if this judgment were sustained, he would be compelled to pay the whole tax in order to exonerate his half-interest in the lot. The act under which this tax bill was issued provides that it shall be a lien on the property charged therewith, and may be collected of the owner of the land. Charter 1871, art. 7, sec. 15. And the act of March 18, 1871, provides that, in all suits on special tax bills, the court shall have power to summon all parties interested in the real estate charged with the lien. It is true, the validity of the bill is held not to depend upon the title being in the person named as owner (*Stadler* v. *Roth*, 59 Mo. 402) ; nevertheless, where it is admitted, as in the case at bar, that the defendant owns only an undivided half of the property, and that another person named owns the other half, it is proper that the other party thus interested in the real estate to be charged with the lien should be summoned as a party defendant,

according to the provisions of the statute; and prudence requires that this be done.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.