CITY OF ST. LOUIS, *Appellant*, v. PROVENCHERE *et al.*

City of St. Louis: ASSESSMENT OF BENEFITS IN GROSS ON SEVERAL
    LOTS: CHARTER.  Under the charter of the city of St. Louis (art.
    6, sec. 5), benefits cannot be assessed in gross upon several
    contiguous lots upon the opening of a street in said city, and a
    recovery cannot be had upon a tax bill issued upon . such an
    assessment.

*Appeal from St. Louis City Circuit Court.*—HON. G.
                W. LUBKE, Judge.

AFFIRMED

    *Leverett Bell* and *T. H. Culver* for appellant.

    The only questions presented for consideration in
this court, are:   (1) If benefits are duly assessed against
certain lots, are said lots liable to a special judgment in
an action duly brought against the owners of said lots
at the time of bringing and prosecuting suit ?   (2) Where
a tract of ground comprising several lots owned by the
same persons is unimproved and uninclosed, although
regularly platted in lots, may it be assessed in gross for
benefits as one lot?   The city charter provides, as an
answer to the first question, that assessments for benefits
shall be a lien upon the property benefited, and shall
be collected as provided by ordinance.   City Charter,
article 6, sec. 5; 2 R. S., 1606.   The remedy being
against the property and not against the person to en-
force the lien, must necessarily require a proceeding
against the owner of the property at the time it is sought
to enforce the lien.   The second question requires a con-
struction of that part of said section five which provides
that the commissioners shall assess damages against the
owner or owners of all property, which shall be especially

benefited by the proposed improvement, in the opinion of the commissioners, to the amount that each lot of said owner shall be benefited by the improvement. The commissioners assessed with benefits lots 68 to 74, inclusive. All of said lots are in one tract or plat of ground, and owned by the same parties, and are unimproved and uninclosed. The assessment is spread evenly over the whole tract, and the amount for which each lot is liable is a mere matter of computation, and the assessment is in compliance with the charter.

*P. W. Provenchere* for respondents.

(1) There must be a separate and distinct assessment and bill against each particular lot. *Hefferstein v. Holliday*, 3 Mo. App. 569–70; *Miller v. Anheuser*, 4 Mo. App. 438; *Christian v. Taussig*, 8 Mo. App. 602; *Kemper v. King*, 11 Mo. App. 128, 583-4; Charter City of St. Louis, art. 6, sec. 5. (2) The bill should be in the names of the owners and the benefits should be assessed against each individual. City Charter, art. 6, sec. 6.

BRACE, J.—This action was brought upon a special tax bill to recover the amount of benefits assessed in gross upon several contiguous lots of the defendants upon the opening of a street in the city of St. Louis. The case was tried by the court without a jury, and the law of the case was declared as follows:

"The court declares the law to be, that if the lot or tract of ground described in plaintiff's petition as charged with said special tax bill, and against which said assessment was made, and against which said bill was issued, is composed, and at and before all the times mentioned in plaintiff's petition was composed, of several distinct and separate lots of ground, all lying in, and being part of, 'Provenchere's addition,' that a

plat of said addition is, and at and before all the times mentioned in plaintiff's petition was, of record duly recorded in the office of the recorder of deeds, in said city of St. Louis, and that said lots are all unimproved, then plaintiff cannot recover."

The court found for the defendant and rendered judgment in his favor, from which plaintiff appeals and assigns for error the giving of said declaration ; the facts hypothetically stated in the declaration are undisputed. The commissioners assessed the benefits to lots 68 to 74, in Provenchere's addition to the city of St. Louis, as one lot at the sum of seventy-seven dollars and twenty cents, and the tax bill sued on is in accordance with the assessment. The defendants are the owners of all of said lots.

Section 5, article 6, of plaintiff's charter prescribes the method by which a citizen's property shall be assessed for supposed benefits to be conferred by the opening of a street, in order to raise a fund for the payment to the owner the value of, and damages to, lands to be taken for such proposed street, by which it is made the duty of the duly appointed commissioners, first having ascertained such values and damages, for the payment thereof, "to assess against the city the amount of benefit to the public generally, and the balance against the owner or owners of all property which shall be especially benefited by the proposed improvement, * * * to the amount *that each lot* of said owner shall be benefited by the improvement. The sums to be paid by the owners of property specially benefited by the improvement, as ascertained by the commissioners, shall be *a lien on the property so charged*, and shall be collected," etc.

There can be no question that the provisions of this section require a separate assessment of the amount of benefit to each lot and provides that that amount only shall be a lien on such lot, and the commissioners had

no authority to increase the burden on any such lot by grouping together a number of lots, and assessing them in gross, the effect of which would be to make the amount assessed upon the whole number of lots a lien on each, which amount would have to be paid in full, before any one of them could be discharged therefrom, since the courts are without power to make an apportionment. The owner had a right to have each of these lots assessed specifically for the benefits to each of them, so that he might redeem any one of them by paying the tax specifically levied thereon, a right of which he would be deprived if the mode of assessment adopted in this case should be sanctioned.

The circuit court held that the assessment of the lots collectively instead of separately rendered the assessment invalid, and that no recovery could be had upon the tax bill issued thereon, and in this, we think, no error was committed. The general principle governing in said cases is thus stated in Cooley on Taxation, page 401 : " When two parcels are owned by the same person, if the statute requires separate assessment, obedience to the requirement is essential to the validity of the proceedings. It cannot be held in any case that it is unimportant to the taxpayer whether this requirement is complied with or not. It is made solely for his benefit. * * * And where a requirement has for its sole object the benefit of the taxpayer, the necessity for a compliance with it cannot be made to depend upon the circumstances of a particular case." *Nason v. Ricker*, 63 Me. 381; *County Commissioner v. Mining Co.*, 61 Md. 545; *Bruce v. McBee*, 23 Kas. 379; *Hapgood v. Morton*, 28 Kas. 764.

Under the provisions of city charters, authorizing assessments of taxes for street improvements the St. Louis court of appeals has uniformly held that, although lots may be contiguous and belong to the same owner, they must be separately assessed, and if assessed together

the assessment will be error, and a recovery cannot be had upon a tax bill issued upon such an assessment. *Keiferstein v. Holliday*, 3 Mo. App. 569; *Miller v. Anheuser*, 4 Mo. App. 436; *Christian to use v. Taussig*, 8 Mo. App. 602; *Kemper v. King*, 11 Mo. App. 116. And the provisions in no clearer terms require a separate assessment of each lot than does the section under consideration.

The judgment of the circuit court is affirmed. All concur.