ROBERT BARRIE, APPELLANT, v. THE RICHMOND CEMETERY, A COR-PORATION, RESPONDENT.*

Kansas City Court of Appeals. June 14, 1926.

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 1336, n. 7; Municipal Corporations, 44CJ, p. 684, n. 53; p. 845, n. 33; p. 855, n. 53.

*E. A. Farris* and *Milligan & Thompson* for appellant.

*Geo. W. Crowley, John C. Jacobs* and *Lavelock, Kirkpatrick, Clark & Garner* for respondent.

ARNOLD, J.—This is an action upon a special tax bill. The record discloses that on June 6, 1917, the council of the city of Richmond, a city of the third class, duly passed and adopted a resolution declaring necessary the pavement of West Main street, a street running east and west in said city, from the west line of Camden street which intersects West Main at right angles, to a point ten feet west of the gateway to Sunny Slope Cemetery in said city, specifying therein the kind of paving and guttering to be employed in said work. On July 10, 1917, after due publication of said resolution the mayor and council of the city of Richmond duly passed an ordinance No. 731, authorizing the paving of the street in the manner authorized in said resolution and directing the letting of the contract.

Pursuant to said ordinance, the Kennedy-Olson Construction Co. entered into a contract with the city for the improvement called for in the resolution and ordinance. The said contractors duly performed their contract, the improvements called for were made and the work received by said city. Assessments for payment of the costs of said improvement were duly made by ordinance and the city thereafter caused to be issued tax bills against the property abutting upon said improvement. Said tax bills were delivered to the Kennedy-Olson Construction Co. in payment for the improvement and afterwards were assigned by that company to plaintiff herein.

The city of Richmond by ordinance assessed the sum of $1397.68 against "Lot 6 in subdivision of the southeast quarter of the southeast quarter, section 25, township 52, range 28, Ray Co. Mo.," in the name of the Richmond Cemetery Company, as its proportionate share of the cost of said improvement, and issued its tax bill No. 16 therefor, which is the one sued on in this action. This tax bill is dated December 19, 1917, and insofar as its terms are applicable to the issues raised in this case, it is as follows:

"No. 16                                                                                      $1397.68
"Special Tax Bill
"for
"Grading, Curbing, and Paving.

"Special tax bill for grading, curbing and paving with No. 1 Vertical Fibre Paving Brick Blocks, a part of West Main Street, in the City of Richmond, Ray County, Missouri.

"It is hereby certified that the following described real estate, situated on the recently improved part of West Main Street in the City of Richmond, Ray County, Missouri, and owned by  .  .  .  .
.  .  .  .  , to-wit:

"Lot Six (6) in Subdivision of the southeast quarter of Section Twenty-five (25), Township Fifty-two (52), Range Twenty-eight (28), Ray County, Missouri, as per plat thereof now on file in the recorder's office of said Ray County, Missouri.

"Has been charged with the sum of one thousand three hundred ninety-seven & 68/100 dollars as a special tax for grading, curbing and paving with No. 1 Vertical Fibre Brick Blocks, parts of the roadway part of said West Main street between the west line of Camden avenue on the east and ten feet west of the gateway to Sunnyslope Cemetery on the west.''

Said tax bill is signed by the city clerk and the corporate seal of the city is affixed thereto.

The tax so assessed was not paid and suit thereon was instituted and summons served on December 18, 1922.

The petition alleges the corporate *status* of the city of Richmond, as a city of the third class; the due and orderly passing of the resolution declaring the pavement of West Main street necessary, between the points mentioned therein; the publication of the resolution; the passage of ordinance No. 731 in relation to said improvement for the grading, paving and curbing of same as specified; that in pursuance to said ordinance the Kennedy-Olson Construction Co. entered into a contract for the construction of said improvement; that said contractors duly performed said contract and that all of said work was duly approved, received and accepted by said city and an assessment for the costs of said work was made by ordinance No. 755, passed December 18, 1917; and that special tax bills were duly issued in payment thereof and delivered to the said Kennedy-Olson Construction Company which assigned same to plaintiff herein, now the legal holder thereof.

That at the time of the issuance of said tax bills, the land described in the tax bill sued on was in the name of and owned in fee by defendant, The Richmond Cemetery Company, a corporation, and that said company is now the owner of said real estate; that Lot 6 in subdivision of southeast quarter of southeast quarter, section 25, Township 52, Range 28 Ray County, Mo., was duly assessed for said improvement according to the frontage of said property, in the sum of $1397.68, and that there was charged against the said property said sum as its proper and proportionate share of said costs. The petition further states that the city of Richmond made out a bill of said assessment in the name of the owner at the time the same was issued, namely, The Richmond Cemetery Company, and entered by the city clerk an abstract thereof in a book provided and maintained for that purpose by the city of Richmond wherein were recited the date of said tax bill and the name of the property owner, and the person in whose name the tax bill was issued and the description of the property subject thereto and the street upon which it abuts, together with the amount of the tax bill and the character of the improvements. That by the terms of said tax bill and the laws in such cases made and provided, the said tax bill bears interest at eight per cent per annum from thirty days after its date of issue, December 19, 1917; and that

the total amount of said tax bill, $1397.68, with interest from January 19, 1918, is due and payable, and judgment therefor is sought.

In due time answer in the form of a general denial was filed and later, by leave of court, an amended answer was filed which, in addition to a general denial, states that plaintiff's cause of action, if any, accrued more than five years prior to the commencement of this suit and that it is thereby barred by limitation, under the laws of Missouri, especially under sections 1317 and 8323, Revised Statutes 1919.

Upon the pleadings thus made and by agreement, the cause was tried to the court, without the aid of a jury. The finding and judgment were for defendant. Motions for a new trial and in arrest were ineffectual and plaintiff appeals.

The assignments of error are chiefly formal, to-wit, (1) that the judgment is against the evidence and the greater weight of the evidence; (2) the judgment is against the law and the evidence; (3) that the court erred in not rendering judgment for plaintiff; (4) in declaring that plaintiff had failed to prove title in defendant to the property set out in the tax bill; (5) in holding the lien of the tax bill did not attach to all the lands set out in the bill; (6) in declaring the law to be that plaintiff could not recover unless all the parties having interest in said lands were made parties defendant; and (7) in declaring the law to be that the purchaser of a lot in a cemetery took a fee-simple title.

The first four of these assignments of error are so closely allied that they may be considered jointly and will be determined by our solution of the three remaining charges. It is first urged that the tax bill sued on herein is not barred by the Statute of Limitations. This is urged in response to the charge in the answer that the bill, in fact, is barred by the statute. But as the judgment was for defendant this point is not presented for consideration herein, and appears not to have been passed on by the trial court.

It is insisted that special tax bills are prima-facie evidence of liability and in all actions thereon such tax bill shall be prima-facie evidence of its own validity, of facts authorizing its issue, and that it is a special lien against the land described therein. Defendant admits the rule just stated is a correct statement of the abstract principle of law applicable, where the owner of the land is properly named in the tax bill; but that is not this case. One defense urged herein is that the defendant Cemetery Company is not the owner of all the land described in the tax bill. On this point it is deemed proper to refer to the evidence adduced at the trial. The record shows that in 1868, Cornelius Vaughn, Wm. A. Donaldson, Geo. I. Wasson, Clayton Jacobs, Osker A. McFarland and Wm. P. Hubbell formed a joint stock company of equal interest for the purpose of

purchasing certain lands for the use and purpose of a cemetery, to be known as the Richmond Cemetery Company. On May 23, 1868, said parties by deed of record, conveyed said lands to Wm. A. Donaldson, as trustee for them, with authority to purchase lands for cemetery purposes. The trustee accordingly purchased the land described in a deed recorded in Book 2, p. 601 of the record of deeds of Ray County, Mo. These lands, with the exception of a small tract formerly conveyed by one Vaughn and wife to W. A. Donaldson and Geo. I. Wasson, and a small strip of ground abutting upon what was then known as the Richmond-Liberty Road, now West Main street in the city of Richmond, were by the said trustee platted as a cemetery. This plat was duly recorded and is shown to have been the original Richmond Cemetery.

In 1891, by warranty deed, Wm. P. Hubbell and wife conveyed to the Richmond Cemetery Company, a corporation, the defendant herein, a strip of ground 107 feet in width lying west of and adjoining the Richmond Cemetery; this land was platted and the plat thereof recorded and known as the Western Addition to Richmond Cemetery. In 1885, a plat signed by Geo. I. Wasson, trustee, was recorded, containing land lying north of Richmond Cemetery proper, and known as the "northern addition to Richmond Cemetery." In 1889, a plat signed by Wm. P. Hubbell was recorded and known as the Richmond Colored Cemetery, containing land lying immediately north of and adjoining the Richmond Cemetery proper. Later, a quitclaim deed was made by Wm. P. Hubbell and wife and Geo. I. Wasson and wife, conveying all their right, title and interest that they might have in "all lots in the Richmond Cemetery Co. as per plat" then on file in the recorder's office of Ray County, Mo. Plaintiff offered in evidence a plat of the entire city of Richmond, made by W. A. Mullins, City engineer, as of June 7, 1911, and ordinance No. 50 of said city, making said plat the official plat thereof, and it was ordained that all assessments for taxation, both general and special, be made in accordance with said plat and when so made should be deemed valid and binding. Mr. Mullins, testifying for plaintiff, stated that Lot 6, as shown by said plat and as described in the tax bill herein, comprised all the land conveyed and dedicated to the Richmond Cemetery Company by the various deeds and plats introduced in evidence.

On behalf of defendant there were introduced in evidence two deeds from one Cornelius Vaughn: One to Wm. A. Donaldson, recorded September 16, 1867, and the other to Geo. I. Wasson, recorded October 29, 1867, both prior to the Vaughn deed to the Cemetery Company, and conveying to them a portion of the land included in that portion of Lot 6, marked Richmond Cemetery.

Bernard Hughes, for defendant, testified that he is president of the defendant company; that it was organized in 1890, and obtained

the deed recorded in Book 52, p. 400, of Ray County, Mo., from Wm. P. Hubbell and wife; that at the time the defendant company was organized all the land formerly owned by the unincorporated cemetery had been sold for burial lots, with the exception of a few lots near the north end; that the unincorporated company had long since sold all the lots which were adjacent to, or near, West Main street; that the incorporated company had sold all lots adjacent to said West Main street in the additional tract it bought, known as the Western Addition, prior to the passage of the paving resolution in question, and that in all cases warranty deeds had been given to said lots. Mr. Hughes also testified that the defendant company never claimed, nor exercised, ownership, control or possession of any part of the tract owned by the unincorporated company and sold by them prior to the incorporation of defendant. It is also shown that there is a narrow strip of land lying between the land described in the tax bill and the north line of West Main street, thus tending to show that the land described in Lot 6 is not land fronting or abutting on the street improved, as required by statute.

Reverting now to the position of plaintiff that a tax bill is prima-facie evidence of liability and of its own validity and of facts authorizing its issue, and that it is a special lien against the land described in it, we find the cases cited by plaintiff on this question show that the rulings therein were predicated upon the fact that ownership of the land was shown to be in the defendant against whose property the tax bill was sought to be enforced. But that is not this case. This ruling is not in contravention of section 8323, Revised Statutes 1919, as amended by Session Acts 1921, p. 113. The said section and the amendment are predicated upon the fact that there must be a showing that the property sought to be impressed with the tax lien abuts upon the street covered by the improvement. It is properly urged by defendant that a tax bill is not prima-facie evidence of its own validity against an owner not named therein.

In the case of Farrell v. Rammelkamp, 64 Mo. App. 425, it was held, in effect, that a special tax bill which is made out against one or more of several co-owners is not invalid on that account, but it will not constitute prima-facie evidence of its validity against any co-owner who is not named therein. [Stadler v. Roth, 59 Mo. 400.] In the case of St. Joseph v. Forsee, 110 Mo. App. 127, 130, the court said:

"It is also the law that any party may be sued to enforce the lien of a tax bill against any person who has an interest in the property sought to be charged, but the tax bill is not prima-facie evidence of liability against a person so sued who is not stated in such tax bill to be the owner of such property. [Vieths v. Planet P. & F. Co., supra, and Construction Co. v. Loevy, 64 Mo. App. 430.] It there-

fore follows that regardless of its theoretical value, it was a matter of no consequence at the time the engineer issued the tax bill whether or not the defendant not named was the owner of the property. Although sued, the said tax bill as to her was not prima-facie evidence of liability. As the court held that it was such prima-facie evidence the cause must be reversed for that error.".

It has been held also and is the law that the owner of the land described in the tax bill must be made defendant. [Loan Co. v. Gibson, 282 Mo. 75; Heman v. McNamara, 77 Mo. App. 1; Miller v. Anheuser, 4 Mo. App. 436.] Under the rules declared in the cases cited, it must be held that there was substantial evidence upon which the trial court, sitting as a jury, could find that plaintiff had failed to prove ownership in defendant of the property described in the tax bill; that the property sought to be impressed with the tax lien does not abut upon the street improved; and that the actual owners of the abutting property were not named in the tax bill.

In support of this appeal it is urged that the purchaser of a lot in a cemetery under a deed absolute in form and containing words of inheritance is regarded as acquiring only a privilege or license to make interments therein to the exclusion of others, so long as it remains a cemetery. [Citing Mullins v. Cemetery Association, 239 Mo. 681; same case, 259 Mo. 142 and 268 Mo. 691.] An examination of these cases shows the opinions therein are based upon the fact that the whole tract was under the control and charge of the Cemetery Association, while a different situation is presented in the case at bar. Here the evidence tends to show that defendant had no title to any of the various tracts embraced in the tax bill, except 107 feet, out of a total of 340 feet abutting on the improvement; and as to this 107 feet, the evidence shows that defendant had sold all of that portion abutting on the improvement long prior to the adoption of the paving resolution.

The matter of the admission in evidence of the Mullins plat of June 7, 1911, seems to be somewhat in dispute. Plaintiff in his brief seems to have the impression that this plat was admitted in evidence, while the record, as we read it, shows that the court excluded it. Plaintiff has based no charge of error on this circumstance and therefore there is nothing presented for our consideration on this point. For reasons above stated, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.