35 385
69a 154

THE STATE OF MISSOURI TO THE USE OF THE MAYOR, ALDERMEN AND CITIZENS OF THE CITY OF JEFFERSON, Plaintiff in Error, v. ALLEN P. RICHARDSON et als., Defendants in Error.

*Bond—Condition—Action.*—An act of the General Assembly granted to R. the right to establish a ferry, and required him in consideration thereof to pay to the City of Jefferson the sum of one hundred dollars annually. The act also required R. to give a bond to the State conditioned for the faithful performance of his duties. *Held,* that R. and his securities were liable upon the bond for failing to make such annual payments. (Sess. Acts 1855, p. 513.)

*Error to Cole Circuit Court.*

*Ewing & Muir,* for plaintiff in error.

The failure or neglect on the part of Richardson to pay one hundred dollars into the treasury of the City of Jefferson, annually for ten years, commencing at the time the ferry was ready for business, was a breach of his bond. (Act to establish a steam ferry at Jefferson City, Sess. Acts 1855, p. 513–14.) The bond is conditioned "for the faithful performance of his duties under this act." The payment of the money into the treasury is manifestly one of such duties. (Sec. 8, p. 514.)

The prayer of judgment for the *penalty* of the bond is proper. (Penal Bonds, 2 R. C. p. 1133. State v. Ruggles, 20 Mo. p. 99.)

*J. L. Smith,* for defendants in error.

I. The petition was defective in not stating the suit was brought "in the relation and to the use of plaintiff," as is required by the statute. (R. C. 1855, p. 1134, sec 15.)

II. The plaintiff's petition discloses no cause of action on said bond against Richardson and securities. The bond was executed by Richardson and securities for his " faithful performance of his duties " as ferryman under said act. What were his duties as ferryman under said act? Why, to furnish a good and sufficient boat propelled by steam power, with skillful engineer and assistants to attend to said boat, to be used in crossing said river as a public ferry. The act provides in what cases Richardson and his securities shall be liable on said bond. It is where any person may suffer damage by detention or otherwise at said ferry, or by injury to, or loss of property in crossing said ferry.

BAY, Judge, delivered the opinion of the court.

By an act of the General Assembly of the State of Missouri, approved February 27, 1855, the exclusive right and privilege of keeping a ferry across the Missouri river, opposite to and within the limits of the City of Jefferson, was granted to Allen P. Richardson, his heirs and assigns, for the period of ten years.

By the second section of the act, Richardson was required to execute to the State of Missouri a bond with sufficient security, in the sum of five thousand dollars, conditioned for the faithful performance of his duties under the act, which bond was to be approved by the Governor, and filed and recorded in the office of the Secretary of State.

The eighth section of the act required Richardson, in consideration of the privileges granted, to pay into the treasury of the City of Jefferson, annually, the sum of one hundred dollars.

This suit was brought against Richardson and his securities on said bond, and the breach assigned is the failure of Richardson to pay into the treasury of Jefferson City the sum required by said act. To the petition the defendants demurred, which demurrer was sustained by the court below, and the cause is brought here by writ of error.

The only question presented by the record is, whether the

failure of Richardson to pay into the treasury of the City of Jefferson the sum required to be paid by said act, amounts to a breach of the condition of the bond; and the determination of this question depends upon the construction that is to be given to the fourth section of the act, which is as follows:

"Sec. 4. The said Richardson and his securities shall be liable, upon their bond aforesaid, to every person who may suffer damage by detention or otherwise at said ferry, or by injury to, or loss of property in crossing said ferry; and the said bond, or a certified copy of the same, may be sued on by any person or persons aggrieved, and a copy of the same under the certificate of the Secretary of State, and the seal of his office, shall be sufficient evidence in any trial for damages incurred as aforesaid."

It is insisted by the respondent that this section is a limitation of the liabilities of the obligors in the bond, and though Richardson is liable to pay the money into the treasury of Jefferson City, yet the failure to do so imposes no liability upon his securities. We, however, think otherwise. It will be observed that the fourth section imposes no duty whatever, but simply creates a liability for any injury in person or property sustained by persons crossing the ferry; a liability existing at common law when resulting from negligence, carelessness, or want of diligence, care or attention on the part of the ferryman or his employees. But the act of the Legislature above recited does impose various duties upon Richardson. He is required to furnish a good and sufficient boat, to be propelled by steam power, with an engineer skilled in the management of boats and steam machinery, and other needful assistants. He is also required to fix the rates of ferriage at a sum not exceeding the rates charged at the steam ferry at St. Charles, and to keep the same posted up in a conspicuous place on his boat, and should his boat be destroyed, or get out of repair, he is to rebuild or repair as speedily as possible, and in the mean time to procure and keep such other boats as will be sufficient to do the ferrying.

State to use, &c., v. Richardson et als.

It is further made his duty to keep the banks at the places of landing in such repair that wagons and passengers may pass into or out of the boat with safety and facility, and to land passengers and property at, or as near the macadamized wharf of the city, as the stage of the water will permit.

These, together with the requirement to pay one hundred dollars annually into the city treasury, are the only duties prescribed by the act, none of which are referred to in the fourth section, and if their non-performance does not constitute a breach of the bond, then it is impossible to conjecture what the Legislature meant in providing that the bond should be conditioned for the faithful performance of his *duties under the act.*

We must presume that the Legislature meant something by the employment of those words ; but if the respondent is correct in his interpretation of the fourth section, they are senseless and unmeaning, and Richardson might neglect to perform any duty under the act without creating any liability on the bond.

In construing statutes, we should so interpret them as to avoid (when possible to do so) a conflict between different parts, keeping in view the intention and design of the law-making power ; and we do this by holding that the fourth section of the act was intended to enlarge, and not to restrict or limit, the liability of the parties to the bond.

In this view of the case, we think the court below erred in sustaining the demurrer ; for which reason the judgment will be reversed and the cause remanded ; the other judges concurring.