CITY OF WESTPORT *ex rel.* THOMAS B. TOMB, Appellant, v. CAROLINE JACKSON *et al.*, Respondents.

Kansas City Court of Appeals, February 15, 1897.

1. **Construction:** RULES: REPUGNANCE. While an irreconcilable repugnance leaves the last words to stand, the court should construe statutes so as to avoid such conflicts and give some effect to every word of the statute if possible.

2. **Special Tax Bills:** FOURTH CLASS CITIES: STREET IMPROVEMENT: CONSTRUCTION OF STATUTE. When the work authorized under section 1592, Revised Statutes, 1889, has been completed, the engineer in charge should compute the cost thereof and apportion the same among the lots to be charged therewith, and the board of aldermen should then pass an ordinance levying the tax so apportioned by the engineer, and then the clerk should register the tax bills returned by the engineer and deliver the same to the parties entitled thereto.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*F. M. Black, J. C. Rieger,* and *E. D. Ellison* for appellant.

(1) It is well settled law that when an amendment to a statute changes the old law in its substantial provisions, the amendment by necessary implication repeals the old law to the extent to which the new is in conflict with the old. Endlich on Int. of Statutes, sec. 195. (2) In case of absolute and irreconcilable conflict between different sections or parts of the same statute, the last words stand, and others which can

not stand with them go to the ground. *Brown v. Co. Commissioners*, 21 Pa. St. 42; *Harrington v. Trustees*, 10 Wend. 553; *State ex rel. v. Heidorn*, 74 Mo. 410. (3) Particular or specific words or provisions will control over the general words or provisions of the same act. 23 Am. and Eng. Ency. of Law, 426. *State v. Comis*, 37 N. J. L. 228. "It is among the recognized canons for the construction of statutes that, when the legislature resort in an enactment to make more special provisions respecting a given matter, * * * it must be taken and understood as an exception to the more general provision or general statute." *State v. Green*, 24 Mo. App. 227; *Dart v. Bagley*, 110 Mo. 42.

*J. R. Hamilton, Hugh C. Ward*, and *Wash Adams* for respondents.

(1) Under the constitutional provision requiring amendments to be made by setting out the whole section as amended, the portions of the amended section which are merely copied without change are not to be considered as repealed and again re-enacted, but to have been the law all along. Constitution of Missouri, art. 4, sec. 34; Sutherland on Stat. Con., sec. 133; *Kamerick v. Castleman*, 21 Mo. App. 587; *Boonville v. Trigg*, 46 Mo. 290. (2) In construing a section of a statute some effect and meaning should be given to every word used, and no word or sentence should be allowed to perish by construction. *Morse v. City of Westport*, 110 Mo. 508; *St. Louis v. Lane*, 110 Mo. 254, 258; *Hicks v. Jamison*, 10 Mo. App. 35; *Tuttle v. Bank*, 44 N. E. Rep. 984; 23 Am. and Eng. Ency. of Law, 309. (3) Where a statute can be construed consistently with the literal meaning of the words used, the courts will not give it another construction on the theory of mistake. *Hicks v. Jamison*, 10 Mo. App.

35. (4) The intention of the legislature must be ascertained from the words of the statute, and not from any general inferences to be drawn from the nature of the objects dealt with by the statute. *State v. Hays*, 78 Mo. 605. (5) It will be presumed that a word used in a certain sense in the original act is used in the same sense where it occurs in an amendatory act. Black on Inter. of Laws, sec. 130; *Robbins v. Omnibus Co.*, 32 Cal. 472. (6) Where a statute uses a word or phrase which has a definite and well known meaning it will be construed in that sense unless it plainly appears to be otherwise intended. Sutherland on Stat. Con., sec. 253. (7) The enforced taxation by special assessment for street improvements is a matter of strict construction. *Galbreath v. Newton*, 30 Mo. App. 393. (8) Conceding that the rule of repeal by implication can be applied under our constitution to different clauses of the same re-enacted section, yet no such repeal is effected unless there be an irreconcilable conflict and a total repugnancy and no reasonable field of operation can be found for the prior clause. *State ex rel. v. Walbridge*, 119 Mo. 389; *State v. Daly*, 49 Mo. App. 187; *St. Louis v. Ins. Co.*, 47 Mo. App. 149; *Wood v. U. S.*, 16 Pet. 363; *Longloes v. Longloes*, 48 Ind. 60; Black on Inter. of Laws, pp. 280, 281; *Parker v. Hubbard*, 64 Ala. 203. (9) Where the power of levying special taxes is restricted to a levy on the owner or occupier, such mode of exercise must be strictly construed and rigorously enforced. *City of Sedalia v. Gallie*, 49 Mo. App. 392; *Abbot v. Londenbower*, 42 Mo. 167; Cooley on Taxation [1 Ed.], pp. 209–464; 2 Dill. on Mun. Corp. [3 Ed.], sec. 769; *Whitney v. Thomas*, 23 N. Y. 285; *Fellhenson v. Srnsbrdom*, 69 Hun, 505. (10) The act of the legislature in 1893, amending section 1592 of the Revised Statutes of 1889, by exscinding the duty of levying by ordinance on

the owner or occupier, should be respected by this court as a legislative recognition of the necessity of dispensing by act of the legislature with that duty. See Acts 1893, p. 107; *State ex rel. v. Dill*, 60 Mo. 436. (11) The requirement of a levy by ordinance on the owner or occupier is mandatory and can only be performed by the board of aldermen. *Kansas City v. R. R.*, 81 Mo. 293; *Town of Trenton v. Coyle*, 107 Mo. 196, 197; *City of Mexico v. Cauthorn*, 25 Mo. App. 290.

SMITH, P. J.—With the exception of the names of the parties and the amount involved this action is an exact prototype of that of the *City of Westport ex rel. Whiting v. Mastin*, reported in 62 Mo. App. 647. The statement of that case will suffice for this. The defendant, in the present case, had judgment in the circuit court, and the relator has appealed. In the opinion in *Mastin's* case it is said "that it is practically conceded that the special tax must be levied by the board of aldermen, by ordinance, and the question made is, has it been so levied within the meaning of the charter?" As we understand it the relator does not find fault with our reasoning and conclusion in so far as it is based on the foregoing concession. The relator does not make a like concession in the present case. His contention is that if the city engineer computed the cost of the work and apportioned the same among the several lots as required by the provisions of section 1592, Revised Statutes, that this was a levy within the meaning of that section, and that therefore the special tax in question does not depend for its validity upon whether or not the board of aldermen first passed an ordinance authorizing the levy and collection of the same against the owner or occupier of the lots to be charged therewith.

STATEMENT.

Whether or not this contention shall be sustained depends upon the construction to be placed upon that section. In seeking the true construction HISTORY of statute. to be given this statute it may be helpful to notice those antecedent to it and of which it is the outgrowth. The first of these is the act of May 15, 1877, relating to cities of the fourth class. Sess. Acts, 1877, p. 173. By the twelfth section of the act it was provided that the board of aldermen should have power by ordinance to levy and collect a special tax on the owner or occupier of the lot on any street for the purpose of improving such street, etc. This section was with some amendment, not necessary to notice, carried into the revision of 1879, becoming section 4942 thereof. The last named section was incorporated into the revision of 1889, becoming section 1592. It will be seen by comparison of the two sections that several material changes were wrought in the former by the passage of the latter. Such latter provides that when the authorized improvement shall be completed, the city engineer shall compute the cost thereof and apportion the same among the several lots or parcels of land to be charged therewith, and charge each lot or parcel with the proper share of such costs according to the frontage of each lot or parcel. And in the same connection it further provides that the engineer, after so apportioning and charging the costs of any improvement, shall make out and certify special tax bills, according to such apportionment, and charge in favor of the contractor to be paid, against the several parcels of land charged. And it is further provided in the latter part of the section that all tax bills issued shall be registered by the clerk in his office and by him delivered to the parties in whose favor issued for collection. It will be observed that in the latter section is retained the provision conferring upon the

board of aldermen the "power by ordinance, to levy and collect a special tax on the owner or occupier of the property" for the purpose of making street improvement.

It is ably and forcibly argued that there exists an irreconcilable repugnance between the provision just quoted and that conferring upon the city engineer, after the work is completed, the power of computing and apportioning the costs thereof. It must be conceded that if there is an irreconcilable conflict between these provisions of the section, that the last would stand and the others, which can not stand with them, go to the ground. *Brown v. Commissioners*, 21 Pa. St. 42; *Harrington v. Trustees*, 10 Wend. 553; 23 Am. and Eng. Ency of Law, 311.

<div style="margin-left:2em"><small>CONSTRUCTION: rules: repugnance.</small></div>

But there is another well settled rule of construction of equal pertinency which requires that we shall construe statutes so as to avoid, if possible, a conflict between the different parts thereof. In *Morse v. Westport*, 110 Mo. 508, it was said: "To hold that the legislature intended to restrict cities of the fourth class to that kind of paving known as macadamizing is not only to deny to the word building its ordinary meaning, but to go further and deny to it any meaning whatever, which would be the case if the construction contended for by plaintiffs were allowed to prevail. But to allow such a construction would be going counter to a very familiar rule of construction which accords, if possible, some effect to every word of a statute." In *City of St. Louis v. Lane,* 110 Mo. 258, it was said: "The reading for which defendant contends would be perfectly apparent if we eliminated the words '*in said block;*' * * * but if those words 'in said block,' are to stand and be given some significance, we think they must be taken to simply be an intention to subject all

the property in the block, abutting on the completed alley, to the charge for benefits for opening the same. The familiar rule, that all the words of a law must have effect rather than that part should perish by construction, is fairly applicable." In *Hicks v. Jamison*, 10 Mo. App. 35, it is held, "where a statute can be construed consistently with the literal meaning of the words used, the courts will not give it another construction on the theory of a mistake." And in *State v. Richardson*, 35 Mo. 385, it was said: "Statutes should be so construed as to avoid if possible a conflict between different parts thereof."

We think this section, without wresting the words thereof from their appropriate meaning, should be construed to mean, *first*, that when the work authorized by the ordinance has been completed, that it becomes the duty of the engineer in charge thereof to compute the cost thereof and apportion the same among the lots to be charged therewith, according to the frontage; and, *second*, that after this function is performed by him it becomes the duty of the board of aldermen to pass an ordinance directing that the special tax, so computed and apportioned by said engineer, be levied and collected of the owners or occupiers of the abutting lots; and, *third*, that when this ordinance is passed, it then becomes the duty of the city clerk to register the tax bills already made out by the engineer and deliver the same to the parties in whose favor issued for collection. This construction would avoid the apparent conflict between the different parts of the section; it would give effect to all the words of the section, leaving none to perish. The section in its entirety would be thus left to stand intact.

We can not uphold the plaintiffs' construction that the action of the city engineer in computing and

SPECIAL tax bills: fourth class cities: street improvement: construction of statute.

apportioning the cost of the work according to the frontage of the lots constitutes a levy, unless we first eliminate from the section the very words with which it begins. Our interpretation of that part of it requiring of the city engineer the performance of certain ministerial duties accords to it a reasonable field in operation. According to our view of the section the levy can not be made by the board of aldermen until the engineer has made the computation required of him.

We can not yield our assent to the assertion that there is no place in the whole proceeding contemplated by the section for the board of aldermen to make a levy of the special tax by ordinance. Nor do we think there is anything in the language of the section which gives countenance to the construction that an ordinance levying the special tax is not as indispensible under its provisions as it was under the provisions of those from which it was evolved.

We do not think the mere fact that the relator in this case does not make the same concession that was made by the relator in the *Mastin* cases renders inapplicable the principles by which we were controlled in the decision of the latter. If there was no ordinance in the present case levying the special tax and the action of the city engineer did not constitute a levy then there was no levy at all, and the two cases do not differ in their essential features. A rather careful consideration of the brief and argument of the learned counsel for the relator has not persuaded us that the conviction expressed by us in the *Mastin* case is erroneous and should not be adhered to.

The judgment of the circuit court will accordingly be affirmed. All concur.